WRIGHT E. POST, Respondent, *against* ETTA A. MORAN, Impleaded, &c., Appellant.

(Decided May 1st, 1882.)

In an action of ejectment, the answer set up, with other defenses, an equit-able counter-claim, which was dismissed upon trial of the issue thereon at an equity term of the court, and subsequently, the other issues were tried before a jury, who found a verdict for the plaintiff. *Held*, that the defendant was not entitled, upon payment of the costs, under 2 R. S. 309, § 37, to a new trial of the equitable issue on the counter-claim, but only to a second trial of the other issues.

APPEAL from a judgment of this court entered upon the verdict of a jury directed by the court, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*G. W. Cotterill*, for appellant.

*J. Langdon Ward*, for respondent.

BEACH, J.—This is an action of ejectment, brought to recover the possession of premises in this city, for the violation of a covenant in the lease against under-letting. The defendant's answer, among other averments, contained an equitable counter-claim praying reformation of the lease in regard to this covenant. The latter issue was tried at an equity term of the court, and resulted in its dismissal. The subsequent trial of the remaining issues was had before a jury, who rendered a verdict for the plaintiff. The two trials culminated in a judgment not contained in this record. The defendant thereafter obtained an order vacating the judgment, having paid the taxed costs, under the provisions of 2 R. S. 309, § 37. Upon the second trial, the court directed a verdict for the plaintiff, overruling an objection by defendant's counsel that the equitable issue remained untried, to which ruling an exception was taken.

The confusion in this case in my opinion arises from mistaken practice. The trial of the equitable issue was properly had before the court, without a jury (Code Civ. Pro. § 974). It is there provided that such an issue is to be tried, as if it arose in an action brought by the defendant against the plaintiff, for the cause of action stated in the counter-claim, and demanding the same judgment. This section, in connection with § 967, in my opinion, warrants the entry of a formal judgment. Had that course been taken in the case at bar, there would be no complication, and the defeated party could have reviewed the trial in the usual way.

No judgment seems to have been entered, so far as the record here shows, the recital being, that the court directed a judgment in favor of the plaintiff and dismissing the counter-claim. If, however, a judgment was formally entered as in any equity action, it certainly was not affected by the order of the special term, which could only apply to a judgment rendered in an action of ejectment, and not in one for the reformation of a written instrument. If none was entered, there is still the record of the proceedings had on the trial, containing the decision of the court, which the special term

order could in no wise affect.    All remaining to be done is to perfect the record by the entry of judgment.

Under the former system of procedure, had the plaintiff brought this action, and the defendant filed a cross bill in equity, asking a reformation of the lease, and obtained an injunction restraining the prosecution of the original suit, upon the dismissal of the bill, the consequent dissolution of the injunction, and a trial of the first action, each resulting in judgment for plaintiff, it is inconceivable that, under the statute, the defendant could obtain anything more than a re-trial of the ejectment suit.

It may be conceded that the re-entry clause in the lease is inartificially drawn ; still it is sufficiently definite and effective. The defendant covenanted not to underlet the premises.   The re-entry provision reads : " If default be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and to remove all persons therefrom."

The covenant not to underlet was made by the defendant, and though in the negative, was none the less a covenant. Default was made, and the plaintiff was the one to whom the right of re-entry was reserved, in such event.

I am unable to discover from the record any question of fact for submission to the jury.   There was no evidence of a consent to the sub-letting by the plaintiff or his attorney in fact, and the statements of the real estate agents, in the absence of the plaintiff or his representative, could have no effect, unless they had authority to bind the plaintiff, which no where appears to have existed.

The judgment and order should be affirmed, with costs.

J. F. DALY, J., concurred.

Judgment and order affirmed, with costs.