### COLVILLE *et al. v.* CHUBB.

(*Supreme Court, Special Term, New York County.* February, 1891.)

COUNTER-CLAIM—TRIAL OF ISSUES.

    Under Code Civil Proc. N. Y. § 974, which provides that the trial of an issue raised by a counter-claim, wherein defendant demands affirmative relief, shall be in the same mode as if it arose in an action brought by defendant, defendant, in an action on an insurance policy, is entitled to have an equitable issue raised by his counter-claim, in which he asks for a reformation of the policy, tried at the special term, before the trial at the circuit of the legal issues raised by the complaint and answer.

Action on a marine insurance policy on a cargo of fruit, by John Colville and others against Percy Chubb. Defendant specifically denied the allegations of the complaint, and also interposed a counter-claim asking for the reformation of the policy. Plaintiffs replied a general denial, and also a distinct defense. Defendant now moves that the equitable issues raised by the counter-claim be tried at the special term, and that the trial of the cause at the circuit be stayed meanwhile.

*Anson Beebe Stewart,* for plaintiffs.     *J. Langdon Ward,* for defendant.

INGRAHAM, J. The answer in this case sets up as a counter-claim an equitable cause of action, and demands equitable relief, viz., a cause of action to have the policy of insurance sued on reformed. By section 974 of the Code, it is provided that where the defendant interposes a counter-claim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by defendant against the plaintiff for the cause of action stated in the

complaint, and demanding the same judgment. If the defendant had brought an action against plaintiffs to reform the policy of insurance, it is clear that such an action would have been tried at special term, and under the section of the Code cited I think it clear that the defendant is entitled to have the issue of fact arising upon the counter-claim and the reply thereto tried at special term. In no other way can effect be given to this section. After the determination of that issue, either by a reformation of the policy or by a denial of the relief asked for in that respect, the plaintiffs can then bring on for trial before a jury the issue of fact raised by the allegations of the complaint and the answer thereto, and obtain such a judgment as they will then be entitled to. The right to a trial by jury of the cause of action that plaintiffs have the right to insist shall be so tried is not taken away any more than it would have been if the defendant had commenced this action for the reformation of the policy first. I think, also, that the orderly conduct of the case requires that this issue should be tried where it can be properly disposed of before the question of the liability of the defendant on the policy of insurance is to be tried by the jury, for before such liability can be determined it is necessary that the exact terms of the policy should be ascertained, and that could not be done until a judgment upon the cause of action set up as a counter-claim is determined. *Mackellar* v. *Rogers*, 109 N. Y. 472, 17 N. E. Rep. 350, does not apply, and this practice was adopted and approved in *Post* v. *Moran*, 10 Daly, 502. I think, therefore, the motion should be granted and the issue raised by the counter-claim directed to be tried at special term; the trial of the issue raised by the answer to the complaint to be stayed until the determination of such trial at special term, $10 costs to abide the event.