Putnam, J.
Owing to many engagements I am unable to devote the time to write an opinion in this case. But I have read with care the points presented and considered the same.
I think a new trial on the ground of newly discovered evidence should be granted with some hesitation. When a case has been tried as this case was, with care and deliberation, the rights of the respective parties being represented by able counsel, and a verdict has been rendered, a court should scrutinize an application to open the case and grant a new trial on the ground of newly discovered evidence, and not allow such a motion to prevail, unless a case is made out within the rules established in such cases.
The rules which should govern on such an application are well settled. “ To constitute a case for a new trial on that ground, it must appear that the evidence has been discovered since the trial, that it could not have been obtained upon the former trial by the exercise of reasonable diligence, that the evidence is material to an issue involving the merits of the case, is not cumulative, and is so decisive in its character that there is a reasonable .certainty that on another trial it would change the result.” Roberts v. Johnstown Bank, 14 N.Y. Supp., 433; 38 N. Y. State Rep., 563.
The application for a new trial in this case is made on the ground of newly discovered evidence tending to show contributory negligence on the part of the plaintiff and also that the injury to the plaintiff’s left shoulder was in fact caused by her falling down stairs, nearly a year previous to the accident upon the bridge for which this action is brought
I think that a new trial should not be granted on account of the evidence of Charles A. Howard, which the defendant claims will show contributory negligence on the part of the plaintiff, for the reason that such evidence is not of sufficient importance or so decisive in its character as to render it reasonably certain that were a new trial granted it would change the result. Howard saw the plaintiff and her son in the wagon, the son driving, as he states, in a careless manner, at a point five rods from the bridge. At that point he passed the plaintiff and her son, the lines were *68 hanging loosely, and, as his affidavit tends to show, the plaintiff’s-son was driving carelessly. But this was five rods from the place where the accident occurred. Howard does not assume to know "how the plaintiff’s son held the reins when he reached the bridge, or whether he was driving carelessly or otherwise at that point. I do not regard this evidence as important or decisive, or as likely to change the result on a new trial.
The defendant desires a new trial to produce witnesses it claims it has discovered who will show that the injury to plaintiff’s left shoulder existed prior to the bridge accident, and resulted from her falling down stairs nearly a year before that time. The same claim was made upon the trial and was extensively litigated.
For instance, the plaintiff was asked as a witness if in the winter of 1888 or 1889 she met with an accident, falling down stairs, to which she answered yes. And she further said that it produced a headache and caused her to be lame. But she claimed that the injury passed away after a few days. Dr. Smart was interrogated on that subject, and he testified that when he first saw plaintiff she told him that she had received an injury by falling down stairs. She struck her head. That she had continued to suffer some pain. Also, that the injury from the bridge accident was to her right side and shoulder; that the plaintiff then said that her left shoulder was all right. He remembered that fact distinctly. He swore that there was no soreness or tenderness in her left shoulder then, and that she did not complain of the left side. Sarah E. Berry testified as to the plaintiff’s falling down stairs in the winter of 1888 or 1889 ; that the plaintiff was confined toiler bed; complained of her head; that she said she struck on her head and shoulder. Olive Meeker also testified as to Mrs. Jackson’s falling down stairs. The witness was at plaintiff’s house within a month after the accident, and plaintiff told her that she fell down stairs and struck her head and shoulder, and so her shoulder was lame and she was not able to work. Plaintiff was at the witness’ house in the spring after she fell down stairs. The plaintiff could not then dress herself; could not get her hand behind her. The witness had to pin her clothes. It will thus-be seen that on the trial not only the question of defendant’s negligence in causing the accident at the bridge was litigated, but also the question of the extent of the injury to plaintiff, and the defendant sought to show that the injury to plaintiff’s shoulder, of which she complained, was caused by her falling down stairs in the winter of 1888 or 1889, and not by her falling at the bridge.
If the pleadings did not apprise the defendant which shoulder plaintiff claimed was injured by the accident at the bridge, it could by a motion before the trial have compelled the service of a bill of particulars or procured an order rendering the complaint more definite and certain. The defendant, however, made no such motion and went into the trial with the pleadings as they are. On the trial plaintiff claimed that the particular injury was to her left shoulder. Defendant, by tne evidence of Dr Smart- and the other witnesses mentioned, sought to show that that in *69 jury was produced by the fall down stairs and existed before the bridge accident. This claim was urged with great force upon the trial and was contested by the plaintiff. The defendant now has found other witnesses whose evidence will support the claim so urged by it upon the trial, that the injury to the plaintiff’s left shoulder was caused by her falling down stairs in 1888 or 1889 and not by the fall at the bridge.
After a careful consideration of the able brief presented by the defendant and a careful reading of the evidence given upon the trial and of the affidavits produced on this motion, I have reached the conclusion that the newly discovered evidence bearing upon the extent of plaintiff’s injury upon which defendant asks for a new trial must be deemed cumulative. The additional evidence of Dr. Smart which the defendant wishes to use on the trial is merely an amplification of his testimony as given. Substantially upon the trial Dr. Smart testified that plaintiff’s injury was to her right shoulder and not to her left; that she told him that her left shoulder was all right The defendant desires on a new trial to examine Dr. Smart more in detail and more fully than he was examined. The testimony of Sarah McElwain and Ella Eisner I think clearly cumulative. It is the same kind of evidence that was produced upon the trial, evidence of the admission of the plaintiff as to her falling down stairs and the injury produced upon her by that accident The defendant has found evidence which it aid not have upon the trial by which, on the new trial, it could make out a much stronger case than it made before. There is hardly a case ever tried but that one party or the other after the trial discovers evidence unknown before by which on a new trial such party could make a stronger case than on the first If in such cases a new trial was granted, litigation would never cease. I think the rules established by the courts and above cited are wise, and should be sustained. There should be an end to litigation. Ordinarily when a case has been tried and a verdict has been rendered, a new trial should only be granted in unusual cases where the newly discovered evidence would in all probability produce a different result and where it clearly is not cumulative.
I think in this case the evidence newly discovered, on which this motion is grounded, as to the extent of the plaintiff’s injuries is clearly cumulative, and I also think, in view of the affidavits presented Tjy the plaintiff and read on this motion, that it is very doubtful whether such newly discovered evidence on the new trial would change the result
I therefore conclude that the motion should be denied.
Matt C. Ransom, for app’lt; John P. Kellas, for resp’t.
Order affirmed, with costs, on opinion of court below.
Learned, P. J., Landon and Matham, JJ., concur.