(26 Misc. Rep. 502.)

DELANO v. RICE.

(Supreme Court, Special Term, New York County. February, 1899.)

JUDGMENT—DISMISSING COUNTERCLAIM.

A judgment entered on dismissal of counterclaim after direction of a separate trial of the issues raised thereby is improper where it purports to be final judgment, and the issues raised by the complaint and answer are undisposed of, as there can be but one final judgment where there is not a severance of the action; and Code Civ. Proc. §§ 967, 974, authorizing order for separate trial of the counterclaim, do not provide for disruption of the action, but for an orderly trial of the issues in the action as their nature may require.

Action by Warren Delano, Jr., against Isaac L. Rice. Defendant moves to vacate and set aside judgment dismissing his counterclaim. Motion granted. For former opinion, see 48 N. Y. Supp. 130.

Nathan Bijur, for the motion.

Horace E. Deming, opposed.

BEEKMAN, J. The cause of action set out in the complaint and put in issue by the defendant's answer is a common-law one, and the issues thus raised must, therefore, be tried before a jury. The defendant, however, has also pleaded a counterclaim of an equitable nature, to which the plaintiff has replied, thus presenting an issue triable at special term. By an order of this court the issues thus raised upon the counterclaim were ordered to be separately tried, and to that end to be placed on the special term calendar. When they were reached for trial, the defendant declined to put in any proof, and, having thus virtually abandoned his counterclaim, the trial justice made and filed a written decision dismissing it, and directing judgment accordingly in favor of the plaintiff, with costs, and an additional allowance. Upon this the plaintiff has caused a final judgment to be entered pursuant to the decision, and adjudging that the plaintiff recover of the defendant the sum of $782.58 for the costs as taxed, and the additional allowance. The issues of fact raised by the complaint and answer are now on the trial term calendar awaiting their ultimate disposition by a jury.

The counsel for the defendant now moves to vacate the judgment which has been entered, on the ground that it is irregular and improper, inasmuch as it is claimed and purports to be a final judgment, whereas there can be but one final judgment in an action, which can only be entered after all the issues between the parties have been disposed of. I think the point is well taken, and that the judgment in question should be vacated. The theory of the counsel for the plaintiff seems to be that the order of the court directing a separate trial of the special term issues operated as a sort of severance of the counterclaim from the original action, turning what was formerly one action into two, each with all the attributes of a separate existence; so that, when the remaining issues are tried, all subsequent proceedings will be had as though no counterclaim had been interposed, and a further final judgment will be necessary upon the verdict rendered on such trial. But the general and time-honored rule is that there can be but one final judgment in an action (2 Rum. Prac. 565); and while, by express statutory authority, an action may be severed in certain cases, and therefore separate judgments entered (where, for instance, the defendants are severally liable for the same debt), the general rule which I have stated remains otherwise unimpaired. Certainly no express statutory authority can be found for the entry of final judgment such as has been attempted here. The sections of the Code of Civil Procedure under which the order for a separate trial of the counterclaim was made (sections 967 and 974) do not provide for any disruption of the action, but only for an orderly trial of the issues in the action as their nature may require. The action continues

single, although the processes by which a final result is reached may be different; and, being single, it must terminate in one final determination of the rights of the parties upon all of the issues, which is the final judgment. It is unnecessary to comment upon the various inconveniences and difficulties which would arise if the theory upon which the judgment in question is based should be sustained. They will readily suggest themselves upon a little reflection. So far as authority is concerned, it is, I think, adverse to the plaintiff's contention. In the case of Bucking v. Hauselt, 9 Hun, 633, the point was directly involved in the decision, which held that such a judgment as that under consideration was irregular, and should be set aside, on the ground that a final judgment cannot be entered "while a portion of the material issues remain undetermined." It is contended, however, that this decision was rendered when the old Code was in force, and that the present Code of Civil Procedure has since expanded the power of the court with respect to the matter under consideration. I have examined both Codes in so far as they bear upon the subject, but fail to find any such variation between them as to impair the value of the case cited as an authority.

Reference has been made to the case of Post v. Moran, 10 Daly, 502, as being adverse to the views I have expressed. Without entering upon a discussion of the opinion in that case, it is enough to say that all that was said upon the subject germane to this motion was entirely obiter, and in no way necessary to the decision of the case.

When the remaining issues in this action are disposed of, the plaintiff will then be in a position to secure a final judgment, which will express a complete adjustment of the rights of the parties upon the basis of both trials. He cannot do so earlier. The practice adopted by the defendant in moving to vacate the judgment was regular. The motion is accordingly granted, with $10 costs.

Motion granted, with $10 costs.