(45 Misc. Rep. 102)

## COX v. CLARKE.

(Supreme Court, Special Term, New York County. October, 1904.)

1. JUDGMENT—SUPPLEMENTAL COMPLAINT—DEFAULT.

The plaintiff in an action for the dissolution of a partnership filed after entry of interlocutory judgment dissolving the partnership and appointing a referee a supplemental complaint by leave of court, and moved for final judgment thereon on neglect of defendant to serve an answer thereto before final judgment on the interlocutory judgment. *Held* that, where the supplemental complaint set forth no cause of action, the motion will be denied.

Action for an accounting on the dissolution of a partnership by Fred Henry Cox against Charles E. Clarke. Motion for final judgment. Denied.

Fred Henry Cox, in pro. per.
Charles Stein, for defendant.

CLARKE, J. This is an action in equity for the dissolution of a law partnership, for an accounting, the appointment of a receiver, etc. The equity action was tried before Mr. Justice O'Gorman, and resulted in an interlocutory judgment, the decree being filed on the 26th of June, 1902, dissolving the partnership and appointing a referee to take and state the account. It appears by the affidavit submitted by the plaintiff that the referee's report has been made, stating the account, with a balance in plaintiff's favor. His affidavit proceeds: "Being less favorable than I deemed proper and necessary, I filed exceptions

thereto, but have not yet moved to modify said report and for judgment thereon." By an order made and entered on June 17, 1904, plaintiff was given leave to serve a supplemental complaint, and did so on July 5, 1904. Defendant did not serve an answer to said supplemental complaint, and plaintiff now moves for final judgment thereon as for default in pleading and for costs, although an interlocutory judgment has already been made in the case, upon which, however, no final judgment has yet been entered. The supplemental complaint is as follows:

"In and by this supplemental complaint, served under and pursuant to an order herein entered on the 17th day of June, 1904, the plaintiff further complains of the defendant and shows to this court: (1) That in the month of December, 1900, plaintiff and defendant, as law partners, constituting the firm of Cox & Clarke, were retained by the executor of an estate, who had managed said estate during many years, to prepare said executor's account, and get the same judicially settled, and to attend to any objections and contests thereon, or other services that might be required in connection with such account and judicial settlement. (2) That said executor promised and agreed to and with said law firm to pay to it the reasonable value of such professional services when rendered; and the reasonable value of such services performed and about to be performed for said executor at the time hereinafter mentioned and subsequent thereto by said firm was and is the sum of $400. (3) That on or about the 1st day of May, 1901, the plaintiff and defendant, as copartners aforesaid, being possessed of the aforesaid business and the accounts, letters, receipts, vouchers, and papers thereto belonging and appertaining, the defendant, without the consent, knowledge, or information of the plaintiff, and in fraud of plaintiff, did deliver up to said executor the said business and the accounts, letters, receipts, vouchers, and papers thereto belonging and appertaining, and defendant did so without demanding or receiving on behalf of said copartners the fees to them due or accruing thereon, or any part thereof, to the injury and damage of the plaintiff in the sum of $300. Wherefore plaintiff demands judgment against the defendant for the sum of $300, in addition to the sums of money awarded in the report and decisions of this court herein rendered or to be rendered under and by virtue of the original complaint herein."

I do not see how plaintiff can obtain the relief demanded. I know of no provision of law which permits of two final judgments in one action. Delano v. Rice, 26 Misc. Rep. 502, 57 N. Y. Supp. 678.; Magnolia Metal Co. v. Drew (Sup.) 74 N. Y. Supp. 34. Furthermore, there are not facts sufficient to constitute a cause of action set forth in this complaint. It is not alleged that defendant received any moneys which he owes to plaintiff. On the contrary, it is alleged that he handed the papers back "without demanding or receiving on behalf of said copartners the fees to them due or accruing or any part thereof." If the fees were due and accrued, they are still due and accrued from the client; and there are no facts set up showing any damage; nor, this apparently being a complaint in tort, is there any proof thereof. I cannot perceive that plaintiff is entitled to judgment. Motion for judgment denied. No costs.

Motion denied. No costs.