State vs. Hendrix.

No. 11,232.

THE STATE OF LOUISIANA VS. CHARLES A. HENDRIX.

The object in applying for a new trial, on the ground of newly discovered evidence, was to impeach the credit of a witness.

The newly discovered evidence is cumulative, and if the new trial were granted, it would not likely produce a different result.

APPEAL from the Second District Court, Parish of Bossier. *Watkins, J.*

*M. J. Cunningham*, Attorney General, and *A. J. Murff*, District Attorney, for the State, Appellee.

*J. A. W. Lowrey* and *J. H. Shepherd* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant in this case was found guilty of shooting with intent to kill.

From a sentence and judgment condemning him to serve eighteen months at hard labor in the penitentiary he appeals.

The defendant moved for a new trial on the ground of newly discovered evidence.

In his motion for a new trial he averred that he had since the trial discovered material and competent evidence which he could not have discovered with due diligence prior to the trial.

That the witness he desired to have examined was within reach of the process of the court; that this witness was, at the time of the difficulty, in the immediate vicinity of the shooting and was an eye witness to the difficulty; and he sets forth the facts, to which he alleges this witness will testify, in support of the defence that he was not the aggressor, but acted in self-defence.

The trial judge incorporated his statement in the bill that the evidence claimed to have been newly discovered is of an impeaching character; that a continuance was obtained by the defendant at a preceding term on the ground that the defendant could make out his case by a witness who was present at the difficulty.

That this witness was not sworn at the trial.

The judge adds: The testimony of an eye witness for the State;

the wounds on the body of the prosecuting witness; the threats made by the defendant against him by five reputable witnesses and not disproved, concur in disproving the new witness or his *ex parte* affidavit.

The reasons of the trial judge for refusing a new trial when the motion is based on newly discovered evidence is entitled to great weight.

The refusal of the new trial by the district judge on the ground urged is largely discretionary, and unless the discretion is abused the refusal will not be disturbed.

In reference to impeaching evidence, and in so far as that was the object, in applying for the new trial, it has repeatedly been held that the discovery of new evidence as would impeach the evidence of a witness on a former trial is not sufficient ground for a new trial. State vs. Williams, 38 An. 362; State vs. Fahey, 35 An. 9; State vs. Diskin, 38 An. 46.

In so far as the evidence is cumulative it is equally as well settled that new trial will not be granted to enable an accused to introduce newly discovered evidence that is cumulative. "The expected evidence would be cumulative only." State vs. Banks, 39 An. 236; State vs. Lamothe, 37 An. 43; State vs. Hyland, 36 An. 710.

The records disclose that the evidence would corroborate that of the accused in his own behalf, and that it would be in that respect cumulative. The affidavit of the accused does not show that it is not cumulative.

From the statement of the trial judge set forth in the bill of exception, the conclusion is unavoidable that the newly discovered evidence is not such as would justify a jury in reaching another verdict than that returned.

Newly discovered evidence which would not be likely to produce a different result is not ground for a new trial. State vs. Washington, 33 An. 898; State vs. Tessier, 32 An. 1228; State vs. Johnson, 30 An. 306.

None of the grounds for a new trial are sufficient to reverse the ruling refusing the new trial.

The verdict of the jury and the judgment appealed from are therefore affirmed.