[No. 3903. Decided July 31, 1901.]

## J. BURKMAN et al., Respondents, v. PETER JAMIESON, Appellant.

INTOXICATING LIQUORS—INJURIES FROM SALE—LIABILITY OF LESSOR —RIGHT OF ACTION AGAINST TENANT.

Where a lessor of premises has been compelled to pay a judgment for damages against him by reason of the injuries resulting from the sale by his tenant of intoxicating liquors on the leased premises, under Bal. Code, §§ 2945, 2947, which provide that the owner or lessor of premises wherein intoxicating liquors are kept for sale shall be severally and jointly liable with the person selling for injuries to person or property or means of support caused to another by reason thereof; and any owner or lessor of real estate, who shall pay any money on account of such liability, for any act of his tenant, may, in a civil action, recover of the tenant the moneys paid, a lessor who has been compelled to pay a judgment against himself for the act of a tenant has no right of action against his tenant, when the latter had not been made a party to the original action fixing the liability of the lessor.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Preston & Embree,* for appellant.

*William Parmerlee,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Under § 2945, Bal. Code, Bridget Fitzgerald and her minor child, by a guardian *ad litem,* instituted separate actions for damages in the superior court of King county against respondents and one J. D. Lowman, as lessors and owner, respectively, of certain premises where intoxicating liquors were kept for sale. Appellant, who was their tenant, and who was the proprietor of the saloon operated on said premises, was not made a party to either of said actions, had no notice of the pendency thereof, and did not appear therein. On April 20, 1900, said Bridget Fitzgerald and said minor, by its guardian *ad litem,* each recovered judgment in said action for the sum of $525. Thereafter respondents, Burkman Brothers, paid these judgments, and brought this action against appellant to recover the amount so paid. The complaint alleges substantially that the respondents leased to the appellant a certain building in the city of Seattle, and that the appellant occupied said building as a saloon, wherein intoxicating liquors were bought and sold, and that the appellant knowingly permitted therein the sale of intoxicating liquors in the month of September, 1899; that in said month in said building appellant sold and disposed of, and caused to be sold and disposed of, intoxicating liquors to one William Weir and to one Richard Fitzgerald; and that by reason of said sales and disposal of said intoxicating liquors to said Weir and Fitzgerald the said Weir made an assault upon the said Fitzgerald, and did beat and wound him, from the effects of which, and the intoxicating liquors sold as aforesaid, the said Fitzgerald died in said saloon, and that said death would not have been caused but for and on account of the intoxicating liquors sold to him and said Weir by the appellant. It is further alleged that Bridget Fitzgerald, widow of said Richard Fitzgerald,

and Georgiana Fitzgerald, minor child of said Richard
Fitzgerald, instituted in the superior court of King county
their separate actions against these respondents and one
J. D. Lowman, and that upon the trial of said actions judg-
ments were rendered in each of them in favor of plaintiffs
therein and against these respondents and said Lowman
for the sum of $525 on account thereof, and that respond-
ents had paid the same. Respondents pray for judgment
against appellant for the amount so alleged to have been
paid by them and on account of said judgments. To this
complaint a demurrer was interposed by appellant upon
the ground: (1) that there was a misjoinder of parties;
and (2) that the complaint did not state facts sufficient to
constitute a cause of action. This demurrer was over-
ruled, and exception taken and allowed. An answer
amounting to a general denial was thereupon filed. The
cause was tried to the court and a jury. In the course of
the trial the judgment in Fitzgerald v. Lowman and others
was offered and admitted in evidence, over the objection
of appellant. No injury to Mrs. Fitzgerald or her minor
child was alleged or shown at the trial, other than was
shown by the judgments above named. At the close of
the evidence for plaintiffs, appellant moved for nonsuit,
which was denied. Appellant then introduced evidence
tending to prove that no liquors had been sold or given to
Weir or Fitzgerald, and rested. Respondents then moved
the court to discharge the jury, and make findings for
plaintiffs. This motion was granted, and judgment en-
tered thereon. Appeal is taken from this judgment.

This appeal turns upon the question whether appellant
is bound by the judgment in Fitzgerald v. Lowman *et al.*,
to which action he was not a party, which he had not been
notified to defend, and in which he had not appeared. If
he was bound, under the law, by that judgment, then the

complaint stated a cause of action, the judgment being conclusive upon him as to all the facts necessary to sustain it. If the said judgment was not conclusive upon him, then it became necessary for respondents to allege and prove, in addition to the allegations of the complaint, that Mrs. Fitzgerald and her minor had been injured in means of support, and the amount thereof, not exceeding the judgment. It is the common law rule that all who are not parties to a judgment, nor privies to such parties, are wholly free from the estoppel of the judgment. 2 Black, Judgments, 600; 1 Freeman, Judgments, 154.

This rule prevails, unless abrogated by statute. Section 2945, Bal. Code, makes the owner or lessor of premises wherein intoxicating liquors are kept for sale severally and jointly liable with the person selling, where injury in person or property or means of support is caused to another by reason thereof. Section 2947, Bal. Code, provides as follows:

"Any owner or lessor of real estate, who shall pay any money on account of his liability incurred under this chapter, for any act of his tenant, may, in a civil action, recover of such tenant the money so paid."

The object of these sections evidently was to make the tenant liable for the damages he causes. He is liable to the persons injured, and liable also to the landlord or lessor who has paid money for liability incurred by the act of the tenant, either in a joint or several action. The liability of the owner or lessor depends upon the liability of the tenant. If there is no liability of the tenant, there can, of necessity, be no liability of the lessor or owner. Before there can be any recovery against the lessor or owner, the liability must be established against the tenant; and a judgment against the landlord must depend upon the liability of the tenant. If the landlord does not require

39—25 WASH.

the tenant to defend or give him an opportunity to do so, he must assume the burden of maintaining the liability against the tenant. This statute does not give a right of action for money paid without liability, but on account thereof. Where a person is made liable in damages for any act, he ought, in justice, to have a right to defend against a claim therefor. It is but common right that he should have his day in court, and an opportunity to plead and prove a defense if he have one. Under the rule contended for by respondents, viz., that the judgment in this case is conclusive against the appellant, this principle, which is as old as the law itself, might in many instances, be set aside. For example, it would be possible for an owner or lessor of premises, who had been severally sued on account of an act of his tenant, to compromise such action without notice to the tenant either of the suit or compromise, and thereupon in good faith have a jury called, and proof taken, and a verdict and judgment for an amount agreed upon, which judgment would be conclusive against the tenant, who might have a perfect defense. And again, the tenant may have settled a claim in full without suit, and an action for the same injury be brought against the owner without knowledge of the tenant, and judgment recovered which would be binding upon the tenant. Or again, the owner might be sued severally, and a recovery had, without notice to the tenant, for an injury which had once been defeated by the tenant in an action against him, and against which he had a perfect defense. If the judgment against the owner is binding upon the tenant, he could not be heard to defend against it in a suit by the owner to recover from him. These conditions and others would be possible under the construction urged by respondents. It was evidently not the intention of the legislature to deprive a tenant of his right or opportunity to

make a defense to a claim for liability, and no fair construction of the language of the section quoted can make it do so. We think the owner or lessor under our statute stands in the nature and relation of an indemnitor or surety for the tenant severally liable with him, and that, when an action is brought against him, he may make his tenant a party by giving him a "full, fair, and previous opportunity to meet the controversy," and thus avoid the peril and inconvenience of being required in a subsequent controversy to show the liability of the tenant in order to recover back the amount paid out.

A question similar to the one here under consideration was decided by the supreme court of Ohio in the case of *Goodman v. Hailes,* reported in 59 Ohio St. 342, also reported in 52 N. E. 829, and the court held in that case that the judgment was conclusive. The supreme court of Iowa, in the case of *Buckham v. Grape,* 65 Iowa, 535, reported in 17 N. W. 755, and on rehearing in 22 N. W. 664, arrived at the opposite conclusion. These cases, while involving much the same question, turned principally upon statutes of the respective states, and are of little value in the determination of the question here.

Under the view we have taken of the case, it follows that the complaint did not state a cause of action, and that the demurrer should have been sustained. Other errors are complained of, but we think the rulings of the trial court were correct, and a review of them here would avail nothing.

The judgment will be reversed, and the cause remanded, with instructions to the lower court to sustain the demurrer to the complaint, with leave to respondents to amend.

REAVIS, C. J., and FULLERTON, ANDERS, HADLEY and WHITE, JJ., concur.