[No. 4257. Decided September 2, 1902.]

MARGARET O'TOOLE, as *Executrix, Appellant,* v. L. B. FAULKNER, *Respondent.*

TRUSTEE—LIABILITY FOR TORTS OF EMPLOYEE.

One who purchased the property, plant, franchise and assets of a light and power company at a judicial sale as the agent and trustee for a committee of the bondholders procuring such sale, paying therefor with the money and bonds of such committee and by a written agreement covenanting to hold said property as the agent of, and in trust for said committee, to manage and operate according to the orders and instructions of said committee without other compensation than his salary as bookkeeper, and to transfer and relinquish the possession of said property immediately upon the written request of said committee, occupied the relation of trustee instead of agent, and was therefore liable as trustee for the tortious acts of an employee, from which he would not be relieved by his subsequent transfer of the property pursuant to the directions of the *cestui que trust.*

APPEAL—SUFFICIENCY OF COMPLAINT—ERROR NOT URGED BELOW.

On an appeal by the plaintiff in a personal injury case, the respondent is entitled to urge, although the objection was not raised in the lower court, that the complaint does not state a cause of action, for the reason that it shows contributory negligence on the part of the plaintiff.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Reversed.

*George C. Israel* and *Vance & Mitchell,* for appellant.

*T. N. Allen* and *Troy & Falknor,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for damages against the respondent by reason of personal injuries alleged to have been sustained by the appellant through the alleged negligence and careless handling of a street car on the streets of the city of Olympia by a motorman in charge of the same employed by the respondent, the alleged trustee and operator of said street car line. The allegation of the complaint is to the effect that at the time of the accident the said trustee was the owner in trust and in sole possession of all of the cars, wires, poles, machinery, and electric plant connected therewith and necessary for the operation of said railway. Answering this paragraph of the complaint, respondent alleges: That whatever connection he had with the operation of said street car line referred to in said plaintiff's complaint was under and by virtue of an agreement in writing, a copy of which is hereto attached to said answer, and marked "Exhibit A." The said exhibit is as follows:

"Know all men by these presents, That I, Lester B. Faulkner, of Olympia, in the county of Thurston, state of Washington, hereby acknowledge and declare that I bid for the purchase of the property, plant and franchise and assets of the Olympia Light and Power Company, at the sale thereof, made on the eighth day of July, 1897, in pursuance of the decree of the U. S. Circuit Court for the District of Washington, Western Division, Ninth Circuit, in the Cause of Equity, No. 345, American Loan and Trust Company vs. Olympia Light and Power Company, as the agent of, and in trust for, the committee of bondholders of said Olympia Light and Power Company, consisting of Hazard Stevens, Frank W. Wildes, John F. Souther, N. W. Jordan, all of Boston, in the commonwealth of Massachusetts, and of which committee Hazard Stevens is chair-

man.   And I further acknowledge and declare that the
money and bonds paid for said property were and are the
proper money and bonds of said committee, and in con-
sideration of the terms and of one dollar to me paid by
said Hazard Stevens, chairman, I hereby covenant, promise
and agree to hold said property as the agent of, and in trust
for, said committee, to manage and administer the same,
and operate the plant, exactly according to the orders and
instructions of said committee, and without further or ad-
ditional compensation than my salary as bookkeeper, and
to deed, convey, transfer and relinquish the possession of
all and singular said property, plant, franchise and assets
of every name and nature, to such persons, firms or corpo-
rations as may be designated by said committee, immedi-
ately upon its written request, signed by its chairman or a
majority of the members, without any delay or evasion.

"In witness Whereof, I have hereunto set my hand and
seal this 3d day of August, 1897.

(Signed)              LESTER B. FAULKNER."

To this affirmative defense appellant demurred, upon
the ground that the matters therein set forth did not con-
stitute any defense to plaintiff's action.   Said demurrer
was overruled by the trial court.   Exceptions were taken
by the appellant to the rulings, and, the appellant refusing
to further plead, and electing to stand upon the demurrer,
the court dismissed the action.   From such orders and
judgment appellant brings this appeal.

The sole question on this branch of the case is whether
respondent, Faulkner, under the agreement set forth, was
an agent or trustee of the street car company.   It is the
contention of the respondent that he was simply an agent,
because he was not in unlimited control, and that, there-
fore, being an agent, he was not responsible for the negli-
gent acts of the motorman.   None of the cases cited by
either respondent or appellant are exactly in point, though
it is well settled that a trustee is liable whenever he exer-

cises actual control; and we think, from the agreement in this case, that the respondent was in control of the operation of the street car line. It is true that he was in no sense the real owner, as shown by the agreement. The committee was the owner; but his purchase was in trust for the committee, and his agreement was to hold said property in trust for said committee, and to manage and administer the same. He was the legal owner of the property in possession, and was operating it for the benefit of the *cestui que trust*. It seems to us that this constitutes exactly, under the law, a trustee. He was operating a public franchise as the legal owner. Street car companies must be operated by some one who is responsible. The committee was not responsible, and the responsibility must rest upon the operator, who is the legal owner of the property. Neither public policy nor the plainest principles of right will permit this responsibility to be evaded. It is true that the appellant, in his agreement, promised to operate the plant exactly according to the orders and instructions of said committee, and without further or additional compensation than his salary as bookkeeper, and to deed, convey, transfer, and relinquish the possession of the property upon its written request, signed by its chairman, or a majority of the members, without any delay or evasion. But this was simply one of the stipulated conditions under which he operated, and as long as he performed the conditions he was, nevertheless, the trustee of the committee, and the violation of this condition would have simply been cause for his removal and grounds for compelling him to convey, transfer, and relinquish possession of the property upon the demand of the committee. But this transfer and relinquishment of possession had not been made at the time of the accident, nor had it been demanded by the committee in any manner what-

ever, so that the respondent was as much a trustee of the company as he would have been had not this provision for the transfer and relinquishment been inserted in the agreement. The agreement was to turn over at some future time, under certain conditions; but at this particular time this part of the agreement had not been complied with, and no demand for such performance had been made. Being the legal owner, and operating the road, he stood in relation of master to the motorman. And it is well settled that a trustee is responsible for tortious acts of a servant, while the beneficiary of the trust is not. Every trusteeship has necessarily within its duties some element of agency, but an agency need not necessarily have any element of a trusteeship, and the fact that the respondent agreed to divest himself of the legal title and of the possession of the property at some future time, and upon contingencies expressed in the agreement does not in the least strip him of his true office,—that of a trustee. The fact that the trusteeship was afterwards relinquished, and the property passed into other hands, does not have any bearing upon the proposition under discussion.

It is insisted by the respondent in his brief that the complaint in this case does not state a cause of action, for the reason that it shows contributory negligence on the part of the plaintiff, Margaret O'Toole, and her husband. It is contended by the appellant that, this question not having been raised in the lower court, it is too late to raise it here; but the statute specially provides that the question that the complaint does not state facts sufficient to constitute a cause of action may be raised for the first time in this court. But, considering the question properly raised, and without specially reviewing the complaint in that particular, which is long, and exceedingly circumstantial in its allegations and narrations, we are all of the opinion

that under the universal rulings of this court it is sufficient in that respect.

The judgment will therefore be reversed, with instructions to sustain plaintiff's demurrer to defendant's affirmative answer.

REAVIS, C. J., and WHITE, ANDERS, MOUNT and HADLEY, JJ., concur.