[No. 4894.  Decided March 17, 1904.]

MARGARET O'TOOLE, *Appellant,* v. L. B. FAULKNER, *Respondent.*[1]

HUSBAND AND WIFE—PARTIES—ACTION FOR PERSONAL INJURIES—ESTATE OF DECEASED HUSBAND—INTEREST IN SPECIAL DAMAGES. In an action for personal injuries of a permanent and continuing character sustained by a married woman, the estate of the husband, upon his death before suit, may be joined as a party plaintiff where the community appears to be interested in special damages for medical attendance and other disbursements.

[1]Reported in 75 Pac. 975.

WITNESSES—EVIDENCE OF TRANSACTIONS WITH DECEASED—PARTY IN INTEREST—EMPLOYEE OF STREET CAR COMPANY—ACTION FOR NEGLIGENCE OF EMPLOYEE. Where a street railway company is sued for personal injuries by the estate of a deceased person, sustained through the negligence of the motorman in charge of the car at the time of the accident, such employee is not a party in interest, and may testify as to a conversation had between him and the deceased, relative to the accident, when he was not made a party, and was not notified to appear and defend.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE TESTIMONY. It is not error to refuse a new trial for newly discovered evidence where it is merely cumulative and although it is cumulative only of the testimony of the party to the action.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered February 18, 1903, upon the verdict of a jury rendered in favor of the defendant in an action for personal injuries. Affirmed.

*Israel & Mackay* and *Vance & Mitchell*, for appellants.

*T. N. Allen* and *Troy & Falknor*, for respondent.

HADLEY, J.—This cause was once before in this court on appeal, as will appear in *O'Toole v. Faulkner*, 29 Wash. 544, 70 Pac. 58. The judgment was reversed, with instructions to sustain the plaintiff's demurrer to an affirmative answer of the defendant. Upon the return of the cause to the superior court, the remaining issues were tried before the court and a jury. A verdict was returned for the defendant, and judgment entered accordingly. The plaintiff has again appealed.

Reference to the former opinion will show that the action is for personal injuries received by the appellant Margaret O'Toole, through the alleged negligent handling of a street car on the streets of the city of Olympia. The action was brought by Margaret O'Toole, in her own proper person, joined with said Margaret O'Toole as executrix of the last will of E. O'Toole, deceased. At the time of the

accident, on the 23d day of February, 1900, the said deceased and Margaret O'Toole were husband and wife, and remained such until the 10th day of June, 1900, when the said husband died. After the death of the husband, this suit was brought by the wife to recover for her own injuries. No claim is made for recovery for injuries to the husband, but it is alleged that the damage was to the community. The estate of the husband was evidently joined as party plaintiff on the theory that the proceeds of this suit, if recovery shall be had, will belong to the community. The complaint shows that, a little more than three months after the accident, the community, by the death of the husband, ceased to exist. The damages alleged are chiefly of a permanent and continuing character, because of consequent personal disability of the surviving wife. The only special damages to the community alleged are $100 paid for medical attendance and treatment at the hospital, and $50 paid to employ other persons to perform the duties and work of the wife. The community being dead when this suit was brought, it may be doubted if it was such an entirety as could be continued, through an administration, for the purpose of sharing in the proceeds of unliquidated and unrecovered damages for continuing lifetime disabilities of a surviving member. While damages of the last named character comprise the gravamen of the demand in this action, yet the community is interested in the special damages above mentioned, and to that extent, at least, the estate of a deceased person is a party. The pertinence of these comments will more fully appear by what is hereinafter said. It has been suggested by respondent that the action is wholly for the benefit of Margaret O'Toole on account of personal injuries to herself, and that the estate of her deceased husband, although made a nominal party, has

not such an interest as brings the case within § 5991, Bal. Code; § 937, Pierce's Code; which declares the disability of certain persons to testify as to transactions had with deceased individuals. What has been said above will dispose of this feature of the case without further comment, when its applicability becomes more apparent by what follows hereinafter.

The testimony of several witnesses for the defense was to the effect, that the deceased, O'Toole, was riding with his said wife in a wagon drawn by a team, which he was driving; that the team was going northward on Adams street, and had just about crossed the street railway track on Fourth street, which runs east and west; that the horses were turned in a northwest direction on Fourth street, and that they and the wagon occupied the space between the street railway track and the sidewalk on the north; that the said husband was sitting upon the left and his wife upon the right side of the wagon; that at that time an electric street car approached from the west on Fourth street, traveling at the rate of about five miles an hour; that, as the car approached, the team became unmanageable, and while their said driver tried to urge them forward, they began pushing the wagon backward in such a manner that the wheels were thrown across the street railway track in front of the approaching car; that the motorman brought the car to a standstill when it was about twelve or fourteen inches from the wheels of the wagon; that the said O'Toole was thereafter still unable to control his team; that the latter made a lunge, drawing the wheels of the wagon over the fender of the car, which upset the wagon and threw out the occupants, whereby Mrs. O'Toole received her injuries. The evidence of the appellant did not agree with the above, in some es-

sential particulars, but such, in any event, was the testimony of respondent's witnesses.

After the injured woman was taken in charge by attendants, the motorman continued with his car to the end of his line. On his return, when he came to the front of the building where the lady was carried from the scene of the accident, he stopped his car and inquired about her condition. At that time and place he had a conversation with Mr. O'Toole, now deceased, who was the driver of the team aforesaid, and the husband of the injured woman. Of that conversation the motorman testified as follows:

"Q. You may tell the conversation you had with Mr. O'Toole. A. When I came back from Puget street, I stopped my car in front of Bates', and the driver was standing on the edge of the sidewalk and I stopped to make inquiry if the lady was hurt much, and how. And he addressed me by saying, 'They tell me that you did not run into me.' I says, 'No, I did not.' He says, 'How did the wagon get upset?' I says, 'Your horses ran the wheel over my fender. If you had held your horses they would not have upset the wagon.' He says, 'If I had got on the other side, where the brake was, I could have held them.' "

Objection was made to the above question, but the same was overruled, and it is here assigned that the court erred in its said ruling. It is contended that the witness, as an employee of respondent, was interested in the result of the suit, in such a degree as to disqualify him from testifying adversely to the estate of the deceased, concerning any conversation had with the deceased. It is urged that the action is based upon the theory of carelessness on the part of the motorman, as respondent's employee, and that, in the event of a decision in the case adverse to the respondent, the motorman must respond to his employer to reimburse him for his outlay by reason of the servant's neg-

ligence. Here it will be observed, from what we have already said, that the estate is such a party to this action as renders the above testimony objectionable, if the witness comes within the disqualifications of the statute hereinbefore cited.

We think, however, that he is not a "party in interest or to the record," who was admitted "to testify in his own behalf," within the meaning of the statute. This view is sustained by the decision of this court in *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819. It was there pointed out that a party in interest may testify, but not in his own behalf, and that one not a party to the record cannot be said to testify in his own behalf when he merely testifies to a state of affairs that may collaterally or remotely affect his interest. It was further made clear that, before a witness can be said to testify in his own behalf, his interest must be such as will be bound by the judicial proceeding in which he testifies. Such is not the case with this witness. He was not notified to appear and assist in the defense of the action; he is in no sense a party, and cannot be bound by the result of this suit. The record in this suit cannot be interposed to his prejudice, should an action be brought against him by the respondent. His defense to such a suit upon all questions involved may be made as fully as if this action had never existed. Not being bound by the judgment in this action, then, under *Anderson v. Bigelow,* 16 Wash. 198, 47 Pac. 426, notwithstanding any judgment that may be rendered in this cause, if respondent should hereafter sue the witness, he must prove his cause of action *dehors* the record here. In *Burkman v. Jamieson,* 25 Wash. 606, 66 Pac. 48, the general principle was discussed and applied that one not a party to an action is not concluded by the judgment therein. As particularly

pertinent to the subject under discussion here, see *Nearpass v. Gilman,* 104 N. Y. 506, 10 N. E. 894; *Perine v. Grand Lodge, etc.,* 48 Minn. 82, 50 N. W. 1022; *Mull v. Martin,* 85 N. C. 406; *Dickson v. McGraw Bros.,* 151 Pa. St. 98, 24 Atl. 1043; *Wormley v. Hamburg,* 40 Iowa 22. The above cases hold that the interest which disqualifies a witness is an interest in the event of the action, and that the true test of interest is that the record will be legal evidence against him in another action. The last case cited also states that, if the interest is of a doubtful nature, the objection goes to the credibility of the witness and not to his competency. We believe the foregoing authorities declare the correct rule, and that the court did not err in admitting the criticized testimony.

It is next assigned that the court erred in refusing to grant the motion for a new trial on the ground of newly discovered evidence. The affidavits in support of the motion do not, however, disclose the discovery of evidence tending to establish any new or independent fact. The discovered evidence is only corroborative of the appellant's testimony, and is therefore merely cumulative. The affidavits disclose that the affiants, in the event of a new trial, would probably testify that the car was not stopped before it reached the wagon, but that, while still moving, it struck the wagon and overturned it. Such, however, was the testimony of appellant. It is a general rule that a new trial will not be granted on the ground of newly discovered evidence, when the new evidence relied upon is merely cumulative of that introduced at the former trial. 8 Am. & Eng. Enc. Law (2d ed.), pp. 472, 473. A very long list of authorities is cited in support of the text above mentioned.

Appellant, however, insists that the above rule as to cumulative evidence does not apply when the newly dis-

covered evidence is corroborative only of that given by a party to the suit. It is contended that it is not cumulative evidence, within the meaning of the rule, unless it is in corroboration of the testimony of a disinterested witness. In their brief counsel cited in blank and discussed a case said to support their contention as above stated, but the actual citation has not been supplied. We have, upon examination, however, discovered the following cases which hold that the rule applies when the testimony, of which the new evidence is cumulative, is that of the party moving for the new trial, as well as when it is that of any other witness introduced by him. *Fox v. Reynolds,* 24 Ind. 46; *Lefever v. Johnson,* 79 Ind. 554; *State v. Hendrix,* 45 La. Ann. 500, 12 South. 621; *Nininger v. Knox,* 8 Minn. 140; *Shute v. Jones,* 24 N. Y. Supp. 637.

Parties in this state may become witnesses, and, when they voluntarily become such, their testimony in the particular here discussed is subject to the same regulations as that of other witnesses. It is said, in some of the above cited cases, that the change of the law which grants to parties the privilege of becoming witnesses has not changed the rule as to cumulative evidence on motions for new trial. A good reason therefor is aptly stated in *Fox v. Reynolds, supra:*

"Any other construction would enable a party to experiment by first offering himself as a witness and then, in case the jury disbelieved him, look about with increased diligence for newly discovered *cumulative* evidence."

The court, therefore, did not err in denying the motion for new trial on the ground of newly discovered evidence.

We have discussed the only assigned errors urged by appellant. The judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.