## SHUTE v. JONES.

(Supreme Court, Special Term, Rensselaer County. July 27, 1893.)

NEW TRIAL—CUMULATIVE EVIDENCE.
 Newly-discovered evidence that defendant's wagon had a broken shaft on the day after plaintiff claimed he was run into by defendant, and that defendant admitted that he ran into plaintiff, would be but cumulative to plaintiff's direct testimony that defendant ran into him.

Action by Luther Shute against Frederick W. Jones for damages from a collision on a highway. Judgment for defendant. Plaintiff moves for a new trial on newly-discovered evidence. Denied.

Andrews & Longley, for plaintiff.
J. Rider Cady, for defendant.

FURSMAN, J. This is a motion for a new trial on the ground of newly-discovered evidence. The rules governing such applications are very well settled, and are clearly and accurately stated in Roberts v. Bank, (Sup.) 14 N. Y. Supp. 432, where it is said:

"To constitute a case for a new trial on that ground it must appear that the evidence has been discovered since the trial; that it could not have been obtained upon the former trial by exercise of reasonable diligence; that the evidence is material to an issue involving the merits of the case, is not cumulative, and is so decisive in its character that there is a reasonable certainty that on another trial it would change the result."

An examination of the affidavits read on this motion fails to satisfy me that a new trial should be ordered. The action is brought to recover damages for injuries to the plaintiff's wagon and harness, occasioned by an alleged collision on the highway, claimed to have been caused by the negligence of the defendant, and for a physician's bill paid by plaintiff in consequence of injuries received by his wife at the same time. On the trial the plaintiff was a witness, and gave a detailed account of the occurrence. His wife was not called. It was asserted that she was ill, and unable to attend court, but no application for a postponement of the trial for that reason was made. The plaintiff now produces the affidavits of various persons that defendant was intoxicated, and driving fast, at or immediately before the accident; but evidence was given by the plaintiff to the same effect at the trial, and this is therefore clearly cumulative. Affidavits of other persons are produced to the effect that defendant's wagon was seen the next day to have a broken thill, and that to at least two persons he admitted having "run into" the plaintiff. This evidence is also of the same kind as that given at the trial, although differing from it in degree. The plaintiff there testified positively that he was run into, and that it was the defendant who did it. To prove the defendant's wagon was broken, and that he had admitted that he had been in collision with plaintiff, would be simply giving additional evidence tending to prove the same thing. This is the very definition of cumulative evidence. Cumulative evidence is "that which goes to prove what has already

been established by other evidence," (Bouv. Law Dict.,) and so whatever tends to prove the same point to which other evidence is offered is, in law, cumulative. Nor am I satisfied that with proper diligence the alleged newly-discovered evidence could not have been ascertained before the trial. It is true that the plaintiff says that from the time of the accident down to the trial he "made continued, diligent, and repeated efforts to find some person who could corroborate deponent's testimony as to how his injuries were received," but he does not point out a single effort put forth, nor any inquiry made by him, to that end. The affiants were the neighbors of both parties, and well acquainted with both, and it would seem that a very small effort must have discovered any knowledge they possessed concerning the accident, and concerning any admissions the defendant may have made, especially as the action had already been tried in a justice's court, and neighborhood attention presumably somewhat thereby attracted to the circumstances of the occurrence. Moreover, the affidavits on the part of the plaintiff are fairly met and contradicted or explained and neutralized by those produced by defendant, (Chapman v. O'Brien, 39 N. Y. Super. Ct. 244,) some of them being by the same persons. I cannot say that I think it reasonably certain that a new trial would produce a different result. Finally, the most that can be said, as it seems to me, is that the plaintiff has found evidence in addition to that he had upon the trial by which he could make out a stronger case than he then did, but "there is hardly a case tried but that one party or the other after the trial discovers evidence, unknown before, by which on a new trial such party could make a stronger case than on the first. If in such cases a new trial was granted, litigation would never cease. * * * Ordinarily, when a case has been tried, and a verdict rendered, a new trial should only be granted in unusual cases, when the newly-discovered evidence would in all probability produce a different result, and where it clearly is not cumulative." Jackson v. Town of Ft. Covington, 15 N. Y. Supp. 793, at 795, (opinion of Putnam, J., at special term, adopted by general term, third department.) This is not such a case. The motion is denied, with costs.