MISSOURI, KANSAS & TEXAS RAILWAY CO. OF TEXAS v. H. C. GORDON.

No. 973.

1. **Master and Servant—Latent Defects in Machinery.**
A servant is not chargeable with notice of latent defects in the machinery furnished him merely by reason of the fact that he daily handles the machinery.

2. **New Trial—Newly Discovered Evidence.**
A new trial sought on the ground of newly discovered evidence is properly refused where such evidence is merely cumulative and not upon a leading issue, and would not probably change the result.

3. **Master and Servant—Charge of Court—Weight of Evidence.**
In an action by the servant against the master for injuries received by reason of defective appliances, a charge that the servant has the right to presume that the appliances furnished him by the master for use in his employment are reasonably safe, is not on the weight of evidence.

4. **Same—Defective Appliances—Assumption of Risk.**
When the unsafe condition of appliances furnished by the master to the servant is so obvious that a person of ordinary prudence would notice it, the servant, if he uses the appliances, assumes the risk of such condition and can not recover for consequent injury.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*R. C. Foster* and *A. E. Wilkinson,* for appellant.—1. The evidence showed that the defects in the machinery alleged to have caused plaintiff's injury, if any existed, were in machinery and apparatus handled daily by plaintiff in his employment, and he was chargeable with notice of its condition, if defective. Green v. Eddy, 79 Texas, 132; Rogers v. Gal. City Railway Co., 76 Texas, 505; Railway v. Schwabbe, 1 Texas Civ. App., 577; Railway v. McNamara, 59 Texas, 258; Stroble v. Railway, 28 Am. & Eng. Ry. Cases, 510; Railway v. Frawley, 28 Id., 310.

2. The court erred in overruling defendant's motion for a new trial,

because of the newly discovered evidence of witnesses Corrigan, Young, Hayden, Schultz and Leeson. Wolf v. Mahan, 57 Texas, 175; Railway v. Forsyth, 49 Texas, 180; Railway v. Barron, 78 Texas, 424; Mitchell v. Bass, 26 Texas, 378-379; Gay v. McGuffin, 9 Texas, 501; Railway v. Matula, 79 Texas, 580, 581.

3. It was a charge upon the weight of the evidence, and erroneous in law, for the court to instruct the jury, with reference to the risks assumed by a servant in the use of machinery handled and operated by him frequently during several months; that he had a right to presume that such appliances were reasonably safe, and that it was not his duty to examine them to determine their safety, when there was evidence of patent defects. Railway v. Peay, 20 S. W. Rep., 59; Railway v. Daniels, 24 S. W. Rep., 337; Garteiser v. Railway, 2 Texas Civ. App., 234; Railway v. Gray, 65 Texas, 35; Collins v. Dillingham, 26 S. W. Rep, 87; Railway v. Porfert, 72 Texas, 351; Railway v. Kutac, 76 Texas, 478; Railway v. Wright, 62 Texas, 517.

4. It was misleading and erroneous for the court, in instructing the jury as to what risks from defective implements were assumed by the servant, to tell them that the defective and unsafe condition of such appliances must be so obvious and apparent that any person of ordinary prudence would notice such defective and unsafe condition when he came to use such appliances. Railway v. Murphy, 46 Texas, 368; Railway v. Garcia, 75 Texas, 591; Hays v. Railway, 70 Texas, 605; Railway v. Pfleuger, 25 S. W. Rep., 792; Railway v. Herbert, 116 U. S., 656.

*G. G. Randell, C. B. Randell* and *Wolfe & Hare,* for appellee.—1. The water tank not being in charge of appellee, and it being no part of his duty under his employment to look after the condition of the same, he had a right to act upon the presumption that appellant would keep said tank and its appliances in a reasonably safe condition, and he was not required to guard against injury from defects not actually known to him. Railway v. McClain, 80 Texas, 93, 97; Railway v. White, 80 Texas, 205; Dillingham v. Harden, 26 S. W. Rep., 914; Railway v. Crenshaw, 71 Texas, 340.

2. To entitle a party to a new trial on account of newly discovered evidence, such evidence must not be merely cumulative, but must be such as is material.

3. If the charge given, when construed altogether and not in detached portions, clearly presents the law of the case, the same will be sufficient. Railway v. McClain, 80 Texas, 97; Dillingham v. Hardin, 26 S. W. Rep., 914; Railway v. White, 80 Texas, 205; Railway vs. Crenshaw, 71 Texas, 345.

LIGHTFOOT, Chief Justice.—The following is a correct statement of the case, and is adopted: H. C. Gordon instituted this suit June 16, 1892, in the District Court of Grayson County, Texas, against the Missouri, Kansas & Texas Railway Company of Texas. The action was

brought to recover damages for personal injuries alleged to have been received June 19, 1891, while plaintiff was employed as a fireman upon defendant's line of railway, by the fall of a spout of a water tank, maintained for furnishing water for engines at Little River, which fall and the injury to plaintiff were alleged to have been caused by negligence in suffering the water spout and fastenings to become and remain in a defective and dangerous condition.

The petition alleged that plaintiff was employed at the time by the receivers of the Missouri, Kansas & Texas Ry. Co., the then owner of the road; that the receivers were discharged and the road returned to the company, increased in value by the expenditure of large amounts of its net earnings in the hands of the receivers, in betterments on the road; and that the road was afterward transferred to the defendant, in pursuance of and by authority of the special act of the Legislature of the State of Texas, authorizing a Texas corporation to acquire the lines of railway within this State then owned by the Missouri, Kansas and Texas Railway Company, approved April 16, 1891; and that by virtue of said act, and the acquisition of the line of railway thereunder, the Texas Company became liable for plaintiff's demand. Plaintiff's damages were laid at the sum of $30,000.

Defendant answered by general denial. Upon trial of the case in the court below January 13, 1894, plaintiff recovered judgment for $5000, from which judgment the company appeals.

The facts proved, and the verdict and judgment thereon, justify the conclusion that in June, 1891, appellee was a fireman in the employ of Eddy & Cross, receivers of the appellant company, upon its line of railway between Alvarado and Taylor. It was a part of his duty as such fireman to take water from the tanks along the line for the use of the engine upon which he worked, which was done by getting on the back end of the engine tank and pulling the spout of the stationary water tank down to the engine. There were rods and a valve at the back of the spout which opens and lets the water into the engine tank. The spout was made of metal, was eight or nine inches in diameter at the small end and about one foot at the large end, and was about eight or nine feet long, being so attached to the stationary tank and arranged with weights and pulleys that when released from the engine, after being used, it would go back to its upright position. June 19, 1891, about 4 o'clock a. m., while it was yet dark, the engine on which appellee was working stopped at one of such stationary tanks, at Little River, and it became necessary for appellee to transfer water from such tank to the engine, which he did in the usual way, and when the metal spout was released from the engine it fell on appellee and injured him. The apparatus for handling such spout and the stationary tank to which it was attached were defective and partly rotten, and had been in that condition for some weeks, and that such defects were known to the receivers of the company, or could have been known by the use of ordinary care, and they were negligent in allowing the same to remain in that condition. Such

apparatus was frequently used by appellee, and he used ordinary care in such use, but the defects were of such a nature that they were not open to ordinary observation and he did not know of the defects. Appellee has suffered serious physical and mental pain by reason of his said injuries, which produced hernia and spinal affections, whereby he was damaged to the full amount recovered below, and no question is made by appellant of its liability for damages, except as appears from the assignments of error considered below.

1. Appellant's first assignment of error is, that the court erred in overruling the motion for new trial on the ground that the verdict was contrary to the evidence, in this, that the evidence shows no injury, or a trifling one, and that appellee did not claim to be injured until after his discharge from the company's service, and that the claim of injury is fraudulent and fictitious.

It is true there was some conflict in the evidence, but there was ample testimony to sustain the verdict, and the court did not err in refusing to set it aside.

2. The second assignment raises the question, on motion for new trial, that the evidence showed that the defects were in the machinery and apparatus handled daily by plaintiff in his employment, and he was chargeable with notice of their condition. The facts do not justify the conclusion that the defects were of such a nature that they were patent and such as could be discovered by ordinary observation, or by their use by appellee, in transferring water from the stationary tank to the engine, and the undisputed evidence shows that he did not know of such defects.

3. The third assignment of error is based upon the refusal of the court to grant a new trial on account of newly discovered evidence of the witnesses Carrigan, Young, Hayden, Shultz and Leeson. The plaintiff in his petition set out his injuries and claimed that he had been ruptured by reason of such injuries received June 19, 1891. The defendant's testimony was directed toward an attempt to show that he was ruptured before that time, and upon this issue both sides introduced testimony. Witness McGayhreen testified that while fishing with appellee with a seine in May, 1891, prior to the injury, he was wearing a truss. There was testimony upon this point on both sides. The newly discovered testimony is all for the purpose of corroborating the witness McGayhren, as to the date of the fishing. There were counter affidavits filed by appellee, and if the court had granted a new trial on the ground of such newly discovered evidence, it is not likely that it would have changed the result, as the evidence was merely cumulative, and not upon a leading issue, or of such importance as would be calculated to change the result of the case. Walker v. Brown, 66 Texas, 556; Railway v. Wood, 69 Texas, 679; Oil Co. v. Thompson, 79 Texas, 235.

4. The fourth assignment of error complains at the following charge of the court: "5. A servant has the right to presume that the appliances furnished to him by the master with which to perform the duties

of his employment, are reasonably safe, and it is not the duty of the servant to examine such appliances before using them to see whether such appliances are reasonably safe, unless the defective or unsafe condition of such appliances is so obvious or apparent that any person of ordinary prudence would notice such defective and unsafe condition when he came to use such appliances."

In connection with this charge we will consider the sixth, which was as follows: "6. When the defective or unsafe condition of the appliances furnished by the master to the servant is so obvious or apparent that a person of ordinary prudence would notice such defective or unsafe condition when he came to use them, and the servant uses such appliances, he assumes the risk of being injured by reason of said defective or unsafe condition of such appliances, and can not recover of the master any damages for an injury, if he received such injury by reason of such defective or unsafe condition of such appliances."

Appellant objects to the fifth charge in its first proposition, on the ground that it is upon the weight of the evidence, and in its second proposition, on the ground that the court tells the jury that the unsafe condition of the appliances must be such that any man of ordinary prudence would notice it. The first ground is wholly untenable. The second ground might be of some weight, if it was not manifest from the entire charge what the court really intended to say, which is fully set out in the sixth charge, that is: when the unsafe condition is so obvious that a person of ordinary prudence would notice it, the servant, if he uses the appliances, assumes the risk of such condition, and can not recover. We do not see how the jury could have been misled by the charge complained of, as the charge taken as a whole, fully and clearly sets out the law upon the subject. Railway v. McClain, 80 Texas, 97; Dillingham v. Hardin, 26 S. W. Rep., 914; Railway v. White, 80 Texas, 205; Railway v. Crenshaw, 71 Texas, 345.

5. The fifth assignment is, that the verdict of the jury was excessive. The testimony was sufficient to sustain the amount of the verdict.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 30, 1895.

Writ of error refused.