### MERRILL v. LOUISIANA RY. & NAV. CO. OF TEXAS.   (No. 3524.)

Court of Civil Appeals of Texas. Texarkana. March 8, 1928.

**1. Appeal and error ⚖═1170(9)—In baggageman's action for injury, instruction charging jury to reduce damages, in event of contributory negligence, if error, held harmless, where verdict was for defendant (Court of Appeals Rule 62a).**

In action by baggageman for injury sustained while helping station agent load trunk into baggage car, instruction authorizing jury to reduce amount of damages in case they should find baggageman was guilty of contributory negligence in relation to position in which he placed himself in handling trunk or in failing to have station agent scotch truck, if error, *held* harmless, where jury rendered verdict for defendant and against baggageman under Court of Appeals Rule 62a.

**2. Appeal and error ⚖═1002—Finding of jury made on conflicting evidence is controlling on appeal.**

Objection that finding of jury is against preponderance of evidence may not be sustained on appeal, where evidence is quite conflicting, since decision of jury is controlling.

**3. New trial ⚖═104(3)—In baggageman's action for injuries received in loading trunk, new trial because of newly discovered evidence, consisting of passenger's affidavit, held properly denied, evidence being cumulative.**

In baggageman's action for injuries sustained while aiding station agent in loading trunk, motion for new trial on ground of newly discovered evidence, namely, an affidavit of passenger on train to effect that he saw station agent loading trunk into baggage car and that station agent either jumped or fell off of truck and dropped trunk, *held*, properly denied, such evidence being merely cumulative concerning size of trunk and station agent's act in handling trunk.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by J. F. Merrill against the Louisiana Railway & Navigation Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

The action was by appellant for damages for alleged personal injury due to negligence of appellee's local station agent. The appellant was the train baggageman of appellee, and he claims to have been seriously ruptured while assisting the local station agent in loading a passenger's trunk into the baggage car of the train on July 12, 1924, at Farmersville. The station agent placed a truck with the trunk loaded on it by the side of the car, which was used to transport both baggage and express. The station agent and the appellant then undertook to load the trunk into the car, the appellant pulling at one end and the station agent pushing from the other end of the truck, when the station agent suddenly released his hold of the trunk, due either to the sudden moving of the truck or to the manner in which he held the trunk. As claimed by appellant, under the circumstances the weight of the trunk and his effort to continue to hold the trunk to prevent its falling to the platform caused such a strain upon him as to produce serious abdominal hernia.

The negligence alleged was: (1) The failure of the station agent to scotch the wheels of the truck to prevent it from rolling; and (2) the manner in which the station agent held and handled the trunk while attempting to load it into the baggage car. The appellee answered by general denial, and specially pleaded contributory negligence and assumed risk. Appellee further specially pleaded that the appellant was also distinctly and separately employed as express agent by the American Railway Express Company, and, at the time of his alleged injuries, he was performing services solely for the express company; that the trunk was shipped as express, and not as baggage; and that appellee was not liable for the injuries sued for. The case was tried before a jury, and they returned a verdict against the appellant. In keeping with the verdict judgment was entered for the appellee company.

There is involved in the general verdict of the jury the findings of fact, viz.: (1) That the appellant received no injury as claimed by him; and (2) that the trunk was shipped by express and was not being transported as baggage under a ticket. The court's charge specifically submitted these two issues to the jury. Either fact as so found would preclude a recovery by appellant. There was evidence to support both findings of fact. There is ample evidence to support the jury finding that the trunk was being shipped by express, and not as baggage. The appellant was also separately and distinctly

employed as the express agent for the express company. The station agent was also so employed. There is evidence authorizing the finding of the jury that the appellant was not injured on this occasion, even if the trunk was being handled as baggage. There is much evidence that the trunk was a comparatively light one, and that appellant suffered no strain sufficient to injure him, although he claimed that it did. There was further evidence going to show that the injury appellant complained of occurred on another and previous occasion.

The points presented on appeal are: (1) The right to a new trial for newly discovered evidence; (2) errors in the charge; (3) the verdict is contrary to the evidence.

H. L. Carpenter, of Greenville, for appellant.

Bruce M. McMahan, of Greenville, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

LEVY, J. (after stating the facts as above).
[1] The court's charge authorized the jury to reduce the amount of damages in case they should find the plaintiff was guilty of contributory negligence in relation to the position in which he placed himself in handling the trunk or in failing to have the station agent scotch the wheels of the truck. The appellant, as grounds for error, claims that there was no evidence authorizing the submission of such matters to the jury. The jury rendered a verdict for defendant and against plaintiff for any recovery of damages. There was no reduction of damages. So that in no event, it is believed, would the charge complained of, if error, warrant a reversal, for it could not be held harmful. Rule 62a. The charge did not bring about the verdict against the plaintiff or any recovery of damages.

The court's charge authorized a verdict in favor of the defendant in case the jury should find that the plaintiff's injuries were the result of a risk ordinarily incident to the work in which the plaintiff was engaged, and was not proximately caused by the negligence of the defendant's agent, Head. The objection to the charge is that there was no evidence to warrant it. It was pleaded as a defense, and there is evidence sufficient to raise the issue, considering all the circumstances shown.

[2] The objection that the findings of the jury are against the preponderance of the evidence may not be sustained. The evidence is quite conflicting, and the decision of the jury would be controlling.

[3] The motion for new trial set up as a ground newly discovered evidence. The affidavit of the purported witness was attached, reciting to the effect that he was riding on the train at the time of the alleged occurrence and saw the appellant and the station agent loading a large trunk into the baggage car from the truck beside the car, and that the station agent "either jumped or fell off the truck and dropped the trunk." He further testified that he "did not see Mr. Merrill any more, and did not know that he was hurt or claimed to be hurt" until some days afterward, "when I heard some railroad men talking about Mr. Merrill claiming to have been hurt handling a trunk at Farmersville." The evidence was merely cumulative concerning the size of the trunk and the station agent's act in handling the trunk. It throws but little additional light upon whether or not the trunk did cause injury to plaintiff as he claimed it did, and upon whether or not the trunk was express or baggage. The verdict of the jury was evidently founded upon the ample evidence showing that the trunk was express, and not baggage. It is believed that the trial court did not err in overruling the motion.

The judgment is affirmed.