## OWINGS v. COMMERCE FARM CREDIT CO. et al.

### No. 7455.

Court of Civil Appeals of Texas. Austin.

June 11, 1930.

Rehearing Denied July 9, 1930.

J. W. Thomas, of Belton, S. M. Burns, of Cameron, and A. L. Curtis, of Belton, for appellant.

Jno. B. Daniel, of Temple, for appellees.

BLAIR, J.

Appellant sued appellees, Commerce Farm Credit Company and E. K. Hall, for dam-

ages for personal injuries sustained by appellant as the result of a collision between an automobile owned by said credit company, driven at the time by its agent Hall, and an automobile in which appellant was riding, belonging to and being driven at the time by Jack Owings, appellant's adopted son. As grounds of negligence appellant alleged that Hall was operating the car at a rate of speed in excess of 60 miles per hour; and that he failed to give appellant one-half the road, but suddenly veered his car to the left of the center of the road, causing it to collide with the car in which appellant was riding, inflicting the injuries and damages complained of by her. Appellee answered by a demurrer and a general denial, and specially that the accident occurred on a narrow one-car-drive bridge; that the car driven by Hall got on the bridge and was halfway across before the car in which appellant was riding approached from the opposite direction, but in gross violation of the rules and custom of the road the driver of said car drove same on the bridge and struck appellee's car, knocking it off the bridge and into the ravine; and that Owings' failure to stop and yield passageway to Hall caused the collision.

The jury found in response to special issues: (a) That Hall was driving in excess of 35 miles per hour at the time of the collision; (b) but that the rate of speed at which Hall was driving was not the proximate cause of the collision; (c) that Hall did not veer his car to the left of the center of the road at the place of the collision; (d) that the accident was not unavoidable; and (e) that the collision did not occur on the bridge as alleged by Hall, but off the bridge on the side which Hall was approaching after Owings' car had crossed. Judgment was for appellees; hence this appeal.

Appellant contends that there is an irreconcilable conflict between the jury's findings that the collision did not occur on the bridge and that Hall's car did not veer to to the left of the center of the road at the time of the collision, and especially so when viewed in the light of the jury's additional findings that the accident was not unavoidable and was not the proximate result of the high rate of speed at which the jury found Hall was driving at the time of the accident. We find no such conflict; nor do we sustain appellant's remaining contention that the jury's adverse findings on the issues of interest to appellant are against the uncontroverted evidence. The jury simply found that the accident did not occur on the bridge as contended for by appellees, and also found that Hall did not veer his car to the left of the center of the road as contended by appellant. There is evidence to support both of these findings and accounts for the accident in another way. It shows that the cars were approaching the narrow one-car-drive bridge from opposite directions, both running at an admitted rate of about 35 miles per hour, and the evidence also showing that each was going at the rate of 50 or 60 miles per hour. The parties saw each other for about one-half mile before they reached the bridge. A few feet before Hall reached the narrow bridge he applied his brakes, the rear end of his car skidding toward the center of the road. Owings came onto and across the bridge without checking the speed of his car in the least, and the rear end of the Hall car side-swiped or collided with Owings' car, striking it near the back of the left front fender, knocking Hall's car off the road into the ravine near the bridge, and Owings' car passed on down the road some 93 feet before it stopped. This evidence supports the findings of the jury that the excessive rate of speed at which Hall was driving his car was not the proximate cause of the collision, but would rather support a jury finding that the excessive rate at which Owings was driving his car and his failure to check his speed on approaching and crossing the bridge was the proximate cause of the collision.

We affirm the judgment of the trial court.

Affirmed.