## SOVEREIGN CAMP, W. O. W., v. SHIRES et al.

### No. 2159.

Court of Civil Appeals of Texas. Beaumont.
Dec. 17, 1931.

Rehearing Denied Jan. 6, 1932.

J. M. Combs and Smith, Smith, Huffman & Boyd, all of Beaumont, for appellant.

Tom C. Stephenson and C. A. Lord, both of Beaumont, for appellees.

MORRIS and DAVIDSON, Special Associate Justices.

In 1903 appellant issued to James M. Shires its benefit certificate or insurance policy for $2,000, payable to his then wife, in case of his death, and which was reissued in 1923 to his wife and children as beneficiaries; they being the appellees herein.

The appellant is a fraternal beneficiary association having a lodge system and a representative form of government; the supreme representative and governing legislative body being known as the Sovereign Camp, and all local groups of members being known as camps. The financial secretaries of the local camps have authority to collect assessments, which are required of the members, in order to keep their beneficiary certificates in force and effect.

James M. Shires died November 16, 1929, and, upon appellant's refusal to pay the beneficiaries under his certificate, appellees sued appellant, and in the trial court recovered judgment for $1,499.56, the amount of the judgment being explained by the fact that in 1919 appellant greatly increased its assessments or premiums, giving members the right to either pay such increased amounts or to continue paying the same amount they had been paying, but in the latter event the member waived the monument fund and also agreed to a lien or charge against his certificate for certain amounts which, together with some small paid up insurance allowed by appellant, fixes the amount at the sum for which judgment was rendered.

Appellant defended in the trial court on its allegation that James M. Shires failed to pay his assessment or premium for October, 1929, and that under the terms of the certificate he was suspended and his beneficiaries not entitled to benefit thereunder.

The by-laws of the association, which are binding upon all members, provide for monthly assessments, and further provide that each monthly assessment shall be paid to the financial secretary of the local camp on or before the last day of the month, for which it is due, and, if an assessment is not so paid within the required time, the member becomes suspended, and, during such suspension, his beneficiary certificate is null and void. It is the duty of the financial secretary of the local camps to report at the end of each month to the Sovereign Camp the names of any members who have failed to pay for any particular month, and who are thereby suspended.

Appellant presents three propositions based upon its five assignments of error:

(A) That there was no proof or evidence that Shires' assessment or premium was paid for October, 1929, and that therefore the court erred in overruling its motions for instructed verdict both at the close of appellees' testimony and at the close of all of the testimony; (B) that the verdict and judgment is against the great weight and preponderance of the evidence; (C) that the verdict and judgment should have been set aside and a new trial granted because of newly discovered evidence.

There was only one issue of fact submitted to the jury which required the jury to find whether or not J. M. Shires, or any one for him, paid the assessment on the benefit certificate for October, 1929. The jury answered this in the affirmative.

R. H. Burns, financial secretary and clerk of appellant's local camp at Teneha, Tex., where Shires carried his membership, testified that the October assessment was not paid. He says that Shires moved away and remitted his dues or assessments usually by post office money order. The parties deemed it sufficient in tracing the payment of these assessments to go back to July 26, 1929; appellees contending that on that date Burns should have received the assessment for July,

which he denies receiving. There was a sharp conflict in the testimony as to this item, but it is admitted and shown by all parties that Burns as clerk received a monthly remittance on August 5, 1929, and a remittance for two months on September 28, 1929. Shires was not reported as suspended for July, but the records of the local camp at Teneha, as also the records of the Sovereign Camp in Nebraska,. showed Shires to be in good standing in July. There is no direct testimony that Shires made the payment on July 26, but Mrs. Shires and her son-in-law, Luckie, both testified that Shires was out of work most of that time, and that Luckie, on July 25, gave Shires the money with which to make this payment; that Mrs. Shires wrote a letter for him to the clerk at Teneha, and addressed the envelope and gave it to him, and he left home the next morning intending to pay it. No one went to the post office with him or saw him mail the letter. However, both Mrs. Shires and Mr. Luckie testified that Mr. Shires received the receipt for this on August 2, 1929, and had this receipt in his possession two or three days before making the remittance of August 5, 1929. In this connection, Mr. Burns testified that most of the remittances came from Jasper or Bessmay, where Mr. Shires lived during 1929, by post office money order. The jury may have inferred, in view of the above, that Mr. Burns received the July payment.

In addition to this, Burns testified that he had destroyed the receipt stubs for July after he knew that they were of importance in this case, and he further testified that his memory was not of the best, and that he was testifying from his records. It was intimated by questions to Mr. Burns, and which he did not deny, that the attorneys for appellees had called on him for these receipt stubs and other evidence of payment, and that he had destroyed same thereafter. Mr. Burns further testified that quite often he advanced these dues or assessments for Mr. Shires, and often carried money or money orders in his pocket for several days or weeks before reporting it. He further testified that he may have advanced the July payment for Mr. Shires, but he did not remember it, and that, if the receipt therefor was issued before he received remittance, he did advance the money, and thereby kept Mr. Shires in good standing for July.

Mr. Burns further testified: "You can assume that on or prior to August 1, 1929, I had received some money if you have got my receipt for it."

The appellant alleged that the October dues or assessment was due October 1st, but that the member was not suspended if it was paid at any time during the month, and that prior to October 1, 1929, said James M. Shires had been paying monthly installments, but had failed to pay for October.

We think under the testimony in this case, taking it most favorably to appellees, that it was the usual disputed issue arising in cases of fact, and that the jury was amply warranted in finding that the October dues had been paid. The evidence amply supported the finding by the jury, which necessarily included the finding that the July assessment had been paid, that the payment of August 5 was to apply on the month of August, and that the double payment of September 28 was for September and October.

We therefore find in deference to the verdict of the jury that James M. Shires' assessment or dues for October, 1929, were duly paid, that there was ample evidence to support the verdict of the jury, and consequently the judgment of the court based thereon, and that such finding is not against the great weight and preponderance of the evidence.

Appellant's assignments Nos. 1 to 4, inclusive, are therefore overruled. While it seems unnecessary to cite authorities on these propositions, so often decided in this state, we refer to 3 Tex. Jur. §§ 767, 768, and 769, pp. 1093 to 1097, and authorities there collated.

By its third proposition based upon its fifth assignment of error, appellant complains that the trial court should have set aside the verdict and judgment and granted it a new trial on the ground of newly discovered evidence, which it alleges "showed irrefutably that payment of the required monthly dues or assessments required by the policy declared upon had not been made as alleged and testified to by Plaintiffs."

The motion for new trial alleges discovery of new evidence from the postmasters at Jasper, Bessmay, and Teneha, relative to the number and amount of money orders purchased by Shires and payable to the camp at Teneha, or the clerk thereof.

The clerk of the camp at Teneha, as before referred to, testified that most of the payments made by Shires were sent to him by post office money order. He knew where Shires lived (at Jasper or Bessmay), and he knew that the payment or nonpayment of these assessments was the issue in the case. He was clerk of the local camp at Teneha and the collector of that camp and for the Sovereign Camp. Appellant is therefore charged with knowledge of the fact, and actually knew, that these payments were made and the source through which they were made, and it cannot now, after the verdict and judgment rendered against it, claim that evidence of how and when these payments were made, through the sources that it knew they were made, was newly discovered evidence. There is no showing whatever of any diligence on the part of appellant in this regard, although it knew that Shires had

been making these payments, and the evidence, if procurable at all, could and should have been procured before the trial instead of afterward.

Granting a motion for new trial for newly discovered evidence is a matter within the discretion of the trial court, and, unless that discretion has been abused, his overruling the motion will not be disturbed.

The motion has attached to it affidavits, but there was no testimony otherwise adduced. As to the postmaster's statements at Jasper and Bessmay, which were the offices from which remittances were sent, the affidavits of A. H. Boyd and J. M. Combs are based purely upon information, and so state. In addition to this, and which in any event deprives the motion of any merit on this ground, the affidavit of R. H. Burns, the clerk of the Teneha camp of appellant, attached to this motion, states that he has read the form of affidavit prepared for the postmaster at Teneha, and that the money orders listed therein are the only money orders or other moneys or remittances received by him from J. M. Shires, or any one for him, in payment of dues or premiums payable on the policy of insurance he carried in the Woodmen of the World. The form of affidavit prepared for the Teneha postmaster is also attached to the motion, and this form of affidavit lists the money orders that Mr. Burns says he received from J. M. Shires, which list begins with January, 1929, and shows the payment of the premium for each and every month to and including November, 1929. The motion, therefore, instead of showing that injustice has been done, seems to demonstrate that all assessments or dues for 1929 to the date of the death of J. M. Shires were regularly paid, and, instead of such motion showing the probability of a different result upon another trial, shows that the proper result or decision has already been reached. This assignment is therefore overruled. 3 Tex. Jur. § 761, p. 1085, and many authorities there collated.

We have no criticism to make of the authorities cited by appellant, but they do not apply to the situation here presented. There being no reversible error in the record, the judgment of the lower court is in all things affirmed.