## HUMPHRIS v. BENEDETTO.
### No. 2733.

Court of Civil Appeals of Texas. El Paso.
Dec. 1, 1932.

Rehearing Denied Jan. 5, 1933.

Mead & Metcalfe, of Marfa, for appellant.
J. C. Fuller, of Marfa, for appellee.

PELPHREY, C. J.

This suit was instituted in the district court of Presidio county by appellee, as plain-

tiff, seeking to recover the sum of $562, from appellant, alleged to be owing to her on a verbal contract of employment.

It appears to be uncontroverted that from October, 1927, until on or about November 1, 1930, appellee was employed by appellant in his office, where he conducted a real estate, insurance, and abstracting business, at a salary of $150 per month.

Appellee in her petition alleges that on or about November 15, 1930, appellant represented to her that he was without funds with which to pay the full compensation for her services and that he could only pay her $100 per month, but that he would pay her the balance of $50 per month at such time as he might have the money. She also alleged that appellant had arbitrarily deducted $75 from the amount due her covering the vacation to which she was entitled, under the contract, to take with full pay.

Appellant, in his answer, alleged the original contract at $150 per month but that on or about November 1, 1930, he being unable to continue paying appellee the sum of $150 per month so informed her and that thereupon an agreement was entered into fixing her salary at $100, which he had paid since that time.

He further specifically denied that he agreed to allow appellee any vacation on full pay, and alleged that, if he had ever paid her for any services while she was on vacation, it was a pure gratuity and not because of any obligation on his part to do so.

The jury found, in response to a special issue submitted to it, that there had been no agreement between the parties to a reduction of appellee's salary from $150 to $100 per month.

Judgment was rendered against appellant for $509.13, being $487 and $22.13 as interest thereon. The above amount not including the $75 claimed by appellee to have been due her for her vacation in 1930.

Appellant filed a motion for a new trial, one of the grounds of which was newly discovered evidence. The motion was overruled and he has appealed.

### Opinion.

The sole question presented for review is as to the correctness of the trial court's action in overruling appellant's motion for a new trial.

The newly discovered evidence, which appellant set up in his motion, is evidenced by the following affidavit:

"Before me, the undersigned authority, on this day personally appeared J. E. Vaughan, who being by me duly sworn upon his oath says:

"That I am a citizen of Presidio County, Texas, and am well acquainted with Mrs. Clyde Benedetto and Mr. J. Humphris, both of Marfa, Texas, and have been acquainted with both of said parties, for many years, having served as sheriff of Presidio County; that on the 5th day of February, 1932, I was in the office of J. Humphris in Marfa, Texas, and while in a conversation with the said J. Humphris reference was made to the suit of Mrs. Clyde Benedetto against the said J. Humphris for the collection of back salary, and I learned for the first time that such a suit was pending and that a jury on the previous day had rendered a verdict in favor of the said Mrs. Clyde Benedetto.

"I state further that on or about the 15th day of February, 1931, I met Mrs. Clyde Benedetto in the City of Marfa and she informed me that Mr. J. Humphris, for whom she had been working for some time had cut her salary and that she was forced to seek other work. She requested me to let her write letters for me or do any typewriting or abstract work that I might need in order to help her out, and she told me that she especially needed the extra work because of the fact that Mr. Humphris had cut her salary; she stated in that connection that he cut her salary because the abstract business had fallen off so much that it would not justify paying the amount she had been receiving before that time and that she had an office in the National Bank Bldg.

"A few days later I came in and went to her office over the National Bank and had her write some letters for me, I never discussed the above conversation with the said J. Humphris nor with any one else until, as stated above, I related it to the said J. Humphris the next day after the trial."

Appellee filed an affidavit contesting the matters set up in appellant's motion, as follows:

"That affiant has never, at any time or place, under any circumstances or conditions, had a conversation with the said J. E. Vaughan regarding the character or nature of her employment with the said John Humphris, and has never, at any time subsequent to the 15th day of February, A. D. 1931, done or performed any work or service, gratis or for hire, for the said J. E. Vaughan, and any alleged conversation imputed by the said J. E. Vaughan to have been had with affiant is false, untrue, and an absolute fabrication out of the whole cloth, made without any foundation in truth or in fact to support the same. On the contrary, affiant says that she has always so mistrusted the said J. E. Vaughan that she would not under any circumstances or conditions, engage his confidence or society for the purpose of discussing any arrangements with reference to her employment with the defendant, John Humphris, or any other person. * * *

"That the said J. E. Vaughan and the defendant John Humphris, are close and in-

timate personal friends, enjoying the complete and absolute confidences of one another; that they, the said J. E. Vaughan and John Humphris, are so constantly and almost daily in contact and conversation with each other, and entirely conversant with the business and enterprise of one another that it would have been almost impossible for the suit of this affiant to have been pending against the defendant, John Humphris, and the said J. E. Vaughan, not have been entirely familiar with every detail of her claim and demand, and she here and now states that he did have positive knowledge of the pendency of said suit and the nature of her claim and demand against the said John Humphris.

"That said action between plaintiff and defendant was of such a nature and such importance that the same was freely and generally discussed on the streets of Marfa, and for some time prior to the trial of said cause was a favorite topic of conversation."

No evidence was introduced on the motion for a new trial.

■■ In approaching the question presented here we must bear in mind that the granting or refusing of a new trial for newly discovered evidence rests within the sound discretion of the trial court. Galveston, H. & S. A. Railway Co. v. Kief (Tex. Civ. App.) 58 S. W. 625; Sherrill v. Union Lumber Co. (Tex. Civ. App.) 207 S. W. 149; Nations v. Miller (Tex. Civ. App.) 212 S. W. 742; Donoho v. Carwile (Tex. Civ. App.) 214 S. W. 553; Mitchell v. Bass, 26 Tex. 372; Houston City St. Railway Co. v. Sciacca, 80 Tex. 350, 16 S. W. 31, but, as said by our Supreme Court in Houston & T. C. Railway Co. v. Forsyth, 49 Tex. 171: "It must be admitted that greater deference should be given in an appellate tribunal to the action of the lower court on a motion of this kind, than on an application for a continuance; both of which, no doubt, are, in a degree, necessarily addressed to the discretion of the court in which they are made. But while this is the case, it is well settled, that the right to a new trial on this ground is not exclusively within the discretion of the court of the first instance; and it must now be regarded as a settled rule of practice in this court, to revise the action of the District Court overruling the motion, where the newly-discovered evidence, when considered in connection with the facts developed on the trial, is clearly material to the issue, and might probably produce a different result on another trial; and where the evidence came to the knowledge of the applicant after the trial, without a want of due diligence on his part in not sooner discovering it, and where the newly-discovered evidence is not of a character for which the courts, by well-established practice, do not in general grant new trials."

■ Appellant's witness who says he had the conversation with appellee in which she made the admission to him that her salary had been reduced, goes further and explains the fact of his failure to communicate the fact to appellant by saying that he had no knowledge of the pendency of the suit before the trial.

The truth of this explanation is refuted by appellee by her statement that Vaughan and appellant were bosom friends; were in almost daily conversation; were familiar with each other's affairs; and that the case was a topic of general conversation in Marfa. These facts are nowhere denied by appellant, therefore, these facts, taken together with appellee's denial of having had any such conversation, raised a question as to the probable truth of the whole statement of the witness, or, in other words, tended to impeach his affidavit. But, aside from the question of the right of the court to refuse the motion on that score, we think the court was justified in overruling the motion because of the lack of diligence on appellant's part in presenting the newly discovered evidence to the court after he admits he had knowledge of its existence.

It appears that the case was tried on February 4, 1932; that the information as to the admission was imparted to appellant by the witness on February 5th; that his original motion for a new trial was filed on February 6th; that no mention was made of the newly discovered evidence in that motion; that the affidavit attached to the motion was made on February 11th; but that the amended motion setting up the newly discovered evidence was not filed until February 13th, the last day of the term.

It thus appears that the matter of the newly discovered evidence was not promptly presented to the trial court, but that the presentation thereof was delayed until the granting of the motion would necessarily have resulted in a continuance of the case until the next term of the court. Appellant offers no excuse for the delay, but merely asks us to hold, as a matter of law, that he was entitled to a new trial under facts which show that he failed to diligently present his grounds for a new trial after the facts which he now claims entitled him thereto came into his possession.

Our Supreme Court in Texas & N. O. R. Co. v. Scarborough, 101 Tex. 436, 108 S. W. 804, 805, had a similar question before it and had the following to say as to the duty of an applicant to present such grounds promptly: "We have seen that the amended motion in which the newly discovered evidence was set up was not filed until the 26th day of May, 1906, and that the term of the court expired by limitation of law at 12 o'clock p. m. of that day. The agents of the plaintiff in error were apprised of what their evidence should be a very few days after the trial, which ended on the 16th day of the month—10 days

before the amended motion was filed. \* \* \* There is nothing in the order overruling the motion to show upon what ground the court acted. Now, all presumptions must be indulged in favor of the court's ruling. We think, therefore, we should presume that the court overruled the motion because it was filed too late. We think a party should not only be diligent in discovering testimony, but also diligent in making use of it when discovered."

All the reasons for the court's holding in that case exist here, and, in conformity with it, we do not feel at liberty to hold that the trial court abused his discretion in overruling appellant's motion.

The judgment of the trial court is accordingly affirmed.