## STINSON v. BOULEVARD UNDERTAKING CO.

### No. 10139.

Court of Civil Appeals of Texas. Galveston.

Feb. 27, 1936.

Shields & Johnson, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

GRAVES, Justice.

At about 7 o'clock in the morning, when there was little or no traffic on the street in that vicinity, the appellant, while driving his motorcycle north on Main street in the city of Houston, collided with an ambulance of the appellee that was being driven by one of its agents westward on Texas avenue at a point within the intersectional area of those two streets; as a proximate result he sustained injuries to himself as well as to his motorcycle, and sued the appellee for damages therefor, alleging that the collision had been proximately caused by the negligence of the appellee's driver in a number of specified particulars; in answer, the appellee denied that its driver had been guilty of negligence in any respect, and countered with the specific declaration that the injuries complained of had been caused wholly by the contributory negligence of the appellant himself in many likewise specified details; after the evidence of both sides had been received, the trial court submitted the cause to a jury upon thirty-two special issues, which embodied the material questions of fact raised by the pleadings and

the testimony; in respónse thereto, the jury returned a verdict in effect acquitting the appellee of any of the negligence charged against it, except as to the speed of its ambulance, and convicting the appellant, at least in the main, of the contributory negligence so charged against him, whereupon the court, on the appellee's motion, entered judgment in its favor, and declaring that appellant take nothing; this appeal has been regularly prosecuted from the action so taken below.

In this court, the sole contention presented by the appellant is that the trial court erred in not granting him a new .trial upon the alleged newly discovered testimony of C. C. Gibson, which he duly declared upon and presented upon that hearing; he made no objections upon the original trial to any of the pleadings, or to the charge of the court to the jury, or.to any of the jury's findings as being either. conflicting or unsupported by the evidence or the pleadings, and confined his ground for a new trial entirely to his declaration upon the newly discovered testimony of Gibson; likewise here he confines his complaint against the trial court's judgment to the single act of having refused him a new trial because of the thus newly discovered testimony of Gibson.

█ Since under our authorities motions for a new trial on account of newly discovered evidence are addressed to the sound discretion of the trial court, the question of whether or not in this instance there was an abuse of such discretion is the only one presented by this appeal. Allen v. Texas & N. O. R. Co. (Tex.Civ.App.) 70 S.W.(2d) 758 (writ of error dismissed); Griffith 'v. Gohlman, Lester & Co. (Tex.Civ.App.) 253 S.W. 591; Weeks v. Lipp (Tex.Civ.App.) 48 S.W.(2d) 716; Sovereign Camp, W. O. W., v. Shires (Tex.Civ.App.)' 44 S.W.(2d) 812; Humphris v. Benedetto (Tex.Civ. App.) 55 S.W.(2d) 862; J. Lee Vilbig & Co. v. Lucas (Tex.Civ.App.)' 23 S.W.(2d) 516; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Bledsoe v. Burleson (Tex.Civ.App.) 289 S.W. 143.

In urging such sole contention, appellant proceeds upon the theory that this court should presume that the court below entered its adverse judgment upon the jury's finding that appellant was driving at the time in excess of twenty miles per hour, which finding he concedes to have been supported by the pleadings and evidence, but in so doing disregarded further findings to the effect·that· appellant failed to keep a prop-

er lookout both as he approached and proceeded across the intersection of the two streets after having heard the siren of the appellee's ambulance, which additional findings he asserts to have been unsupported by the pleadings and proof, or at least contradictory, hence must be deemed to have been so disregarded by the trial court.

█ Just how this presumption can be indulged that the trial court so acted does not readily occur, in the state the record presents; it would require this court to disregard the jury's verdict on all the issues of contributory negligence, except the single one relating to the speed at which the appellant was traveling at the time of the collision, notwithstanding that no such attack was made upon any of them in the trial court, and upon appellant's mere ipse dixit that, if not unsupported, they were contradictory to finding No. 14 that he could not have stopped after hearing the siren of the ambulance in time to have avoided the collision; the most material ones of these findings, which went to the heart of appellee's defense, were those returned under Nos. 12, 16, 17, 18, and 19 to 21, inclusive, and determined that appellant had so failed to keep a proper lookout both as he approached and crossed the intersection of the streets, after it had already been determined under issue No. 10 that he had also driven his motorcycle at the time into that intersection in excess of twenty miles per hour; while it does not seem to this court that any of the findings it is thus sought to have disregarded have been properly attacked here, even were that conceded, the record fails to support it, in that the evidence behind them all was ample; but the appellant, rather alternatively it would seem, also suggests, as indicated supra, that these findings that his negligent failure to keep such a lookout·was a proximate cause of the collision conflict with the stated finding under No. 14 that he could not have stopped after hearing the siren in time to have avoided the accident; the trouble with this deduction is that, since the specific issue under No. 14 was limited to his ability to stop, and had nothing whatever to do with the question of whether or not he could either have swerved. to the left, slowed down, or turned to the right, when the practically undisputed facts otherwise show that all those avenues of escape were open to him, all semblance of any material conflict disappears; as this court said in Graham v. Hines, 240 S.W. 1015, 1019, writ: refused:

■ "It is the duty of the court in interpreting the answers of the jury to the questions submitted to them to reconcile apparent conflicts in the answers, if this can be reasonably done in the light of the pleadings and evidence."

Other authorities to the same effect are: Texas Employers' Ins. Ass'n v. Parr (Tex. Com.App.) 30 S.W.(2d) 305; Owings v. Commerce Farm Credit Co. (Tex.Civ.App.) 29 S.W.(2d) 871.

■ It seems plain, therefore, that neither of these enumerated groups of findings can be disregarded, and that each of them, following as it does in substance the pleaded acts of contributory negligence, without any objection or special exception being addressed thereto, convicted the appellant of such contributory negligence as entitled the appellee to a judgment.

■ Not only so, but on appraising the newly discovered testimony of Mr. Gibson, it is plain that it in effect corroborated the appellee's position in respect to the appellant's failure to so keep a lookout, as the jury in answering these detailed inquiries found, hence it could not in that respect be expected to change the verdict upon another trial; the only thing left, then, is whether or not it could reasonably be expected to do so as affected the finding this time that the appellant entered the intersection and continued to the point of collision at a greater rate of speed than twenty miles per hour; in this respect, and so limited in its application, it is plain that it was merely cumulative within the meaning of the Texas rule that excludes such evidence as a basis for a new trial. Adams v. Stark (Tex.Civ. App.) 280 S.W. 1074; El Paso Elec. Co. v. Ludlow (Tex.Civ.App.) 291 S.W. 619; Cox v. Windham (Tex.Civ.App.) 10 S.W. (2d) 136; Merrill v. Louisiana Ry. & Nav. Co. (Tex.Civ.App.) 4 S.W.(2d) 568; Martin v. De la Garza (Tex.Civ.App.) 38 S.W. (2d) 157; Logan v. Hunt (Tex.Civ.App.) 41 S.W.(2d) 1041.

In this particular only could Mr. Gibson's testimony have been of any aid or comfort to the appellant, in that he did corroborate him as to the rate of speed at which he entered and continued across the intersection; it is further true that the appellant himself had been the only witness upon the trial to testify that his speed had been as slow as something like from three to six miles per hour, all the rest of the witnesses testifying to a much higher rate of speed to the ulti-mate result that the jury's finding that his speed was over twenty miles per hour was amply supported; on this state of the record appellant contends that the cited rule against the receipt of merely cumulative new testimony does not apply in this state, where the party himself was the only witness upon the material issues, citing in support of that view the one Texas case of Wichita Falls, R. & Fort Worth R. Co. v. Baker (Tex. Civ.App.) 242 S.W. 273; in the opinion of this court that case is distinguishable from this one, in that the newly discovered evidence there was not cumulative in the same sense in which that word is used in its application to new trials, because it was a different kind of evidence, that is, it included evidence of admissions against interest, in that the woman plaintiff admitted that she had not been hurt, such admissions having been quite generally held in Texas to be of a different sort from direct testimony to the same point, Houston & T. C. Ry. Co. v. Forsyth, 49 Tex. 171; Linthicum v. Richardson (Tex.Civ.App.) 245 S.W. 713; to be cumulative in the sense in which that word is used with reference to new trials in response to newly discovered evidence, the testimony must be "of the same kind to the same point," 31 Texas Jurisprudence, 113; the new evidence in the cited Baker Case was to the same point, but not of the same kind, while that in this instance is both, that is, it had to do with the speed of the appellant's motorcycle and was of the same kind in that it constituted the testimony of an eyewitness as to his estimate of that speed; in other words, Mr. Gibson's testimony would clearly seem to have been of the same kind and to the same point as that of all of the witnesses who testified and gave their estimates concerning the speed of the appellant's motorcycle; at all events, it would certainly seem to have been on a parity with that of appellant himself in both respects.

■ Furthermore, it is not thought the rule in Texas vel non on this subject is as thus contended for, rather the contrary, as these authorities seem to make manifest: Traylor v. Townsend, 61 Tex. 144; Hollis Cotton Oil, Light & Ice Co. v. Marrs & Lake (Tex.Civ.App.) 207 S.W. 367; Missouri, K. & T. Ry. Co. v. Gordon, 11 Tex. Civ.App. 672, 33 S.W. 684; Mueller v. Hewgley (Tex.Civ.App.) 46 S.W.(2d) 426.

Likewise, the weight of decision in other states appears to hold the general rule to be that newly discovered cumulative evi-

dence constitutes no proper basis for a new trial, and makes no such exception thereto as is so relied upon by the appellant. Horner v. Schinstock, 77 Kan. 663, 96 P. 143; Nininger v. Knox; 8 Minn. 140 (Gil. 110); O'Toole v. Faulkner, 34 Wash. 371, 75 P. 975; Shute v. Jones (Sup.) 24 N.Y.S. 637; Chicago & N. W. Ry. Co. v. Calumet Stock Farm, 194 Ill. 9, 61 N.E. 1095, 88 Am.St. Rep. 68.

Further discussion is deemed unnecessary, since these conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.