**KOUNTZE et al. v. TUCKER et al.**

No. 3496.

Court of Civil Appeals of Texas. El Paso.

March 25, 1937.

Rehearing Denied April 22, 1937.

John T. Vance, of Edna, and Geo. P. Willis, of El Campo, for appellants.

Rose & Sample, of Edna, for appellees.

NEALON, Chief Justice.

Appellants, plaintiffs below, sued Mrs. Julia Darnall and others in trespass to try title to 14.35 acres in Jackson county. Mrs. Ella Tucker, one of defendants, joined by her husband, pleaded the 10-year statute of limitation and claimed title thereunder, but later disclaimed as to 2.35 acres, and asserted title to the balance. Plaintiffs by supplemental petition asserted title under the 3 and 5 year statutes of limitation. The case was tried to the court. Evidence was heard on March 5 and 6, 1936, after which, at the request of the court, counsel filed written briefs and arguments. March 18, 1936, the court rendered judgment in favor of Mrs. Ella Tucker for the 12-acre tract which she claimed under the 10-year statute of limitation. On the same day plaintiffs filed their motion for new trial upon the ground of newly discovered evidence, and on March 20, 1936, they filed their amended motion upon the same ground. In the latter they set out in considerable detail the evidence alleged to have been discovered, and the names of the witnesses from whom they expected the testimony. The motion was overruled March 20, 1936. Exception was taken, and the appeal duly prosecuted.

## Opinion.

■ There is no complaint as to the sufficiency of the evidence to warrant the judgment. But one assignment of error is urged: That the trial court erred in not granting a new trial. The ground upon which the court based its denial of the motion does not appear in the record. It may have been that it thought appellants lacking in diligence, or, on the other hand, it may have believed the evidence merely cumulative or lacking in that convincing quality which might be likely to change the result. Since the determination of a motion for a new trial is largely within the discretion of the trial court, every presumption must be indulged in favor of the ruling on the motion. To be subject to revision it must appear that the ruling is manifestly wrong. McCaskey v. McCall (Tex.Civ.App.) 226 S.W. 432.

It must appear that there has been an abuse of discretion. Coombs v. Jackson (Tex.Civ.App.) 238 S.W. 992; Sovereign Camp, W. O. W., v. Shires (Tex.Civ.App.) 44 S.W.(2d) 812; Kelsey v. Myers (Tex. Civ.App.) 29 S.W.(2d) 855.

■ Applications for new trials upon the ground of newly discovered evidence are not favored. Bledsoe et al. v. Burleson (Tex.Civ.App.) 289 S.W. 143.

■ Bearing in mind the attitude of the courts as reflected by the cited cases, we proceed to an examination of the motion in the instant case and of the various steps in the litigation.

The motion brought to the attention of the court five witnesses, two of whom had stated to the agent of appellants, and three of whom had stated to the attorneys for appellants, what they expected to testify.

L. E. Payne stated to R. B. Wallace, agent for plaintiffs, that he was frequently over the land between September 5, 1905 and April 1, 1912, and that the fences were down for 5 or 6 months each winter during that time and cattle roamed generally over the land. Charlie Wylie stated to Wallace that he was familiar with the land during 1912, 1913, and 1914, visiting it every 3 or 4 weeks; that for one or more years it was not farmed; that the fences were down during the winters and also during those summers that it was not farmed at all.

Hill Stayton told appellants' attorney that he rode the pasture of which appellants claimed the 12 acres was part during 1916 and that when he went on the ranch to ride the fence it was rotted down and the cattle he was looking for grazed over the land at will.

Either T. J. Bacon or A. J. Bacon told appellants' attorney that they rode the ranch during the 9 years immediately after Hill Stayton quit, and that cattlemen who had the land under lease from the Kountze interests grazed and used the 12 acres as much or more than the Darnalls (under whom Mrs. Tucker held), and that they used it almost continuously.

To excuse their failure to have the witnesses at the trial, appellants made the following showing: That plaintiffs were nonresidents and had no personal knowledge of the land; that one F. J. Hardy had charge of leasing the land from 1897 until 1924, when it was placed in charge of appellants' agent, F. B. Wallace, who resides at El Campo, Wharton county, where Hardy also resided during his lifetime; that Hardy died in 1924; that neither plaintiffs nor Wallace nor plaintiffs' attorneys, knew that any of said witnesses were acquainted with the facts regarding possession; nor did they know before trial where they could secure a witness who did have knowledge of possession other than those who testified therein; "and they made diligent inquiry and effort before the trial of this cause to locate such witness or witnesses; but found none"; that information was given the said Wallace by those who heard of the trial.

The facts with reference to the alleged diligence of appellants and those representing them were not stated. Plaintiffs filed their original petition February 5, 1935. Appellees filed their answer and cross-action, setting up the 10-year statute August 26, 1935, thus giving appellants almost 7 months' notice of the character of evidence they must be prepared to encounter. Twelve acres were rendered for taxation by G. W. Darnall from 1919 to 1929. In 1935 appellee paid taxes for the years 1930 to 1934. A warranty deed to appellee from Mrs. Darnall, her mother, dated December 10, 1928 and filed for record December 26, 1928, was introduced in evidence. In 1924 G. W. Darnall, father of appellee, who it was claimed bought the land from Marion Fitzgerald in 1897 and then went into possession, made an oil and gas lease to Rycade Oil Corporation, which

830

was filed for record May 25, 1925. Appellants held under a deed from Charles T. Kountze, who in turn held under Texas Land & Cattle Company by deed dated June 3, 1908. Said corporation was incorporated in 1885, and among its first directors were Augustus Kountze and Herman Kountze, the first of whom signed in behalf of the corporation when it conveyed to Chas T. and Luther L. Kountze. R. B. Wallace, the agent of appellants, had represented them 11 years; was the son-in-law of F. J. Hardy, who was agent of the Kountze interests from about 1895 until he died in 1924, and was his partner from 1911. He worked for Mr. Hardy in 1907 when the latter represented C. T. and L. L. Kuntze in managing the 320-acre tract of which appellants claimed the land in question was a part.

The record does not show that appellants made any claim when the case was called for trial that they had had insufficient time for preparation. They asked for neither postponement nor continuance. They detailed no investigation as to former possession, though their agent and his father-in-law together had represented appellants' interests in that neighborhood for more than 40 years.

Under the circumstances we cannot say that the court abused its discretion.

Judgment is affirmed.