## ULMER v. CITY OF EL PASO.

### No. 3661.

Court of Civil Appeals of Texas. El Paso.

April 7, 1938.

Rehearing Denied April 28, 1938.

1152

H. A. Van Tassel and John T. Hill, both of El Paso, for appellant.

Ernest Guinn, City Atty., and Coyne Milstead, Asst. City Atty., both of El Paso, for appellee.

NEALON, Chief Justice.

Appellant, Mrs. P. L. Ulmer, sued the City of El Paso, alleging that through the city's negligence she was injured and damaged. She alleged that she was injured when she undertook to step over a bulged or raised portion of the concrete or cement paving in front of 618 North El Paso street in said city, "which raised portion was shaped in the form of a comb of a pitched roof of a house and was raised about a foot to 18 inches above the rest of the sidewalk making both sides of said raise sloping, and in placing her left foot near the raise on the north side of raise, she stepped with her right foot over said raise onto the south side of the same and as she undertook to raise her left foot up her right foot slipped and her body fell backward across said raised portion of the walk." She pleaded that "said dangerous condition of said sidewalk existed for a long period of time and was a defective construction of said walk, in that it was so constructed as to permit water to run under the same and cause lateral pressure to raise the said walk where plaintiff fell almost 18 inches above the level, and it was negligence in permitting said sidewalk to remain in said condition and was negligence in not maintaining the walk in reasonably safe condition, and plaintiff alleges that said sidewalk had been in such condition for a long period of time and it was negligence in defendant not discovering the same and repairing it, and if it was discovered it was negligence in failing to repair the same, and if the original construction of said walk was done with reasonable care it was negligence of defendant to permit the same to remain in said condition whatever the cause of the condition was, if plaintiff is mistaken in alleging a defective construction."

Upon conflicting but sufficient evidence, the jury, in response to special issues, found that on or about the day plaintiff claimed she received her injury, there did not exist a hump or ridge extending across the sidewalk in front of 618 North El Paso street, as alleged by plaintiff; and that the injuries were the result of an unavoidable accident.

Judgment was entered in favor of defendant. Plaintiff appeals.

Opinion.

The sufficiency of the evidence to sustain the finding of the jury as to the nonexistence of the bump or ridge is not questioned.

Appellant assigns as error: (1) The refusal of the Court to grant a new trial upon the ground of newly discovered evidence; (2) The submission of the issue of unavoidable accident; (3) the submission of an issue as to whether plaintiff failed to keep a lookout.

■ As to newly discovered evidence: Plaintiff in her motion alleged that M. W. Stirman would testify that subsequent to plaintiff's injury he saw workmen repairing the sidewalk at the place where Mrs. Ulmer claimed she was hurt, that prior to this repair work there was a bulge of six inches or more, and when he saw them the workmen were lowering the bulge. This evidence, had it been introduced, would have been merely cumulative. Stinson v. Boulevard Undertaking Co., Tex.Civ.App., 91 S.W.2d 1172. Other witnesses testified somewhat similarly, the difference being that while these others testified that the ridge had once been present and was thereafter removed, Mr. Stirman was the only one who said he saw the work of removal in progress. The alleged making of repairs was a subordinate point that was gone into upon the trial with evidence tending to show the existence of the hump or ridge prior to the alleged accident and its subsequent disappearance. Mr. Stirman began boarding at plaintiff's boarding house within 60 days of the time she alleged she was injured, remained there as a boarder for about a year, and was absent from El Paso for only two weeks thereafter until the hearing of the motion for new trial. Appellant's brief calls to our attention no sufficient reason for her failure to ascertain earlier what he would have testified.

■ The evidence was sufficient to warrant the submission of the issue as to un-

avoidable accident. The finding as to unavoidable accident, an independent and complete ground of defense, renders immaterial on appeal the action of the court in refusing a new trial. However, the trial court did not abuse its discretion in overruling the motion for new trial. Kountze v. Tucker, Tex.Civ.App., 103 S.W.2d 828, and cases therein cited.

The issue as to keeping a proper lookout was submitted conditionally, and was not answered. Its submission was not error.

All assignments of error are overruled. Judgment is affirmed.